Peter L. Haviland (SBN 144967)
 havilandp@ballardspahr.com
Scott S. Humphreys (SBN 298021)
 humphreyss@ballardspahr.com
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 800
Los Angeles, CA  90067
Telephone: 424.204.4400
Facsimile: 424.204.4350

Attorneys for Defendant
SUBARU OF AMERICA, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHA GRP, INC.,<br><br>         Plaintiff,<br><br>    v.<br><br>SUBARU OF AMERICA, INC.<br><br>         Defendant. | Case No. 2:18-cv-02133-MWF-MRW<br><br>**SUBARU'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER TO PREVENT FURTHER WITNESS TAMPERING AND INTIMIDATION BY COLIN DYNE**<br><br>**[Memorandum of Points & Authorities and Declaration of Scott Humphreys filed herewith]**<br><br>Judge:    Hon. Michael W. Fitzgerald<br>Date:     February 25, 2019<br>Time:     10:00 a.m.<br>Place:    Courtroom 5A<br>          350 West First Street,<br>          Los Angeles, CA 90012 |

**TO PLAINTIFF AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on February 25, 2019 at 10:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court located at 350 West First Street, Los Angeles, CA 90012, in Courtroom 5A, Defendant Subaru of America, Inc. ("Subaru") will and hereby does move the Court for entry of a Protective Order against Colin Dyne ("Dyne"), the former CEO of Plaintiff Alpha GRP, Inc. ("Plaintiff"), directing Dyne to cease and desist from any further communications or contact with defense witness and former Subaru employee Robert Weir ("Mr. Weir").  Since this lawsuit was filed in March 2018, Dyne has been sending threatening messages to Mr. Weir in an effort to harass, intimidate and ultimately dissuade Mr. Weir from serving as a witness in this action.  This Court has the inherent authority to issue an Order protecting Weir from any further intimidation by Dyne.

The motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities and Declaration of Scott Humphreys and all exhibits attached thereto; all pleadings and any other documents or other matters of record; the arguments of counsel at the time of the hearing, if any; and such other and further matters as the Court deems just and proper.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on December 28, 2018.  (Humphreys Decl. ¶ 6.)

DATED: January 15, 2019                    BALLARD SPAHR LLP

*/s/ Peter L. Haviland*
   Peter L. Haviland
   Scott S. Humphreys

Attorneys for Defendant
SUBARU OF AMERICA, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This past Christmas morning, December 25, 2018, a key defense witness and former Subaru employee Robert Weir ("Weir") awoke to find a threatening text message from Colin Dyne ("Dyne"), the former CEO of the putative corporate Plaintiff in this action. That text message, which Dyne sent at 3:27 a.m., threatened Mr. Weir's livelihood and his new job: "Your new bosses will know what a POS [piece of shit] u are I know all of them[.]"  (Exhibit 1 to Humphreys Decl.)

Dyne sent this text message notwithstanding defense counsel's prior written demand on March 28, 2018 that "Dyne immediately cease all individual contact" of any kind with Mr. Weir.  (Exh. 3.)  That demand letter -- which Dyne apparently ignored -- was sent in response to other harassing communications from Dyne, including a text message that Dyne sent to Mr. Weir the day after this lawsuit was filed on March 14, 2018.  In that message, Dyne called Mr. Weir "a worthless no spine human" and threatened that "I will make sure that U loose ur job over this[.]" (*See* Exh. 2.)

Dyne has also physically assaulted Mr. Weir, poking a finger in Weir's chest while yelling at him, on at least one prior occasion at a public racing event.  (*See* Exh. 3 at p. 2.)  As a result of these repeated personal threats, Weir has become so concerned about his own well-being that he sought and obtained a "Personal Protection Order" from a state court judge in Michigan on December 28, 2018.  (*See* Exh. 4.)

Notwithstanding the Michigan Court's Personal Protective Order, Subaru believes that it is both necessary and proper to request a Protective Order from this Court to protect Mr. Weir from Mr. Dyne's attempted intimidation.  Mr. Weir submitted a declaration in support of Subaru's initial response to Mr. Dyne's lawsuit, and has been identified as a witness in Subaru's early disclosures.  Yet Mr. Dyne repeatedly threatens this material witness.  Mr. Dyne appears to be beyond the

DMWEST #36233356 v3

SUBARU'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER
TO PREVENT FURTHER WITNESS TAMPERING AND INTIMIDATION BY COLIN DYNE

control of his counsel; he is certainly not beyond the control of this Court.

## II. BACKGROUND

Plaintiff filed this action on March 13, 2018. The next day Dyne, Plaintiff's then-CEO, sent the following text message to Mr. Weir:

> Nice Job Rob
> I will make sure that U loose ur job over this
> You are a worthless no spine human being ..
>
> Even your own people hate You ask Lance what he thinks of u !
> Scum I'll see u on the other side … I have been in contact with Japan and I am sure u will hear from THEM[.]

(*See* Humphreys Decl. ¶ 3, Exh. 2.)

Two days later, on March 16, 2018, Dyne sent another harassing text message to Mr. Weir, attaching a press release concerning an unrelated lawsuit which resulted in an award of several hundred million dollars to one of the parties and telling Mr. Weir to "Enjoy ur weekend." (*Id.*) These threatening messages followed a defamatory January 1, 2018 letter from Dyne to certain Subaru executives which falsely accused Mr. Weir, as well as another Subaru employee, of being "rogue employees" who through their "incompetence" had "brought shame" to Subaru. (*See* March 22, 2018 Letter at p. 2, Exh. 3 to Humphreys Decl.)

On March 22, 2018 Subaru's counsel sent a letter to counsel for Dyne and Plaintiff, demanding that "Dyne immediately cease all individual contact, whether by e-mail, text, phone, social media, or other means with Subaru personnel, and physically stay away from Mr. Weir and any other Subaru personnel, whether at Subaru's offices or at public events." (Humphreys Decl. ¶ 4, Exh. 3.) No response to this demand letter was ever received. (*Id.*)

Then, at 3:27 a.m. on Christmas Day, Mr. Dyne resumed his thuggish threats, texting Mr. Weir:

> Your new bosses will know what a POS [piece of shit] u are
> I know all of them.

(Humphreys Decl. ¶ 1, Exh. 1.)

Genuinely concerned by Dyne's repeated personal threats, on or about December 28, 2018, Mr. Weir appeared ex parte before a state court judge in Michigan and obtained a Personal Protection Order, which prohibits Dyne from any further "stalking" of Mr. Weir or communicating with him by "posting a message through the use of any medium of communication, including the Internet or a computer or any electronic medium." (Humphreys Decl. ¶ 5, Exh. 4.)

On December 28, 2018, counsel in the instant action met and conferred telephonically with respect to the instant motion. Rather than accept responsibility for his actions, Dyne attempted to shift blame to Mr. Weir, falsely claiming without any support whatsoever that Mr. Weir had "been making disparaging remarks about Mr. Dyne to third parties." (Humphreys Decl. ¶ 6, Exh. 5.) While plaintiff's counsel did represent that he had spoken with Dyne, and that Dyne had agreed to cease all direct communications with any current or former employees of Subaru, counsel's representation is not sufficient to protect Mr. Weir when Dyne has already shown that he has no respect for the law or defense counsel's prior demands that he not contact Mr. Weir or other witnesses. Therefore, Subaru respectfully submits that a Court Order – issued by this Court with jurisdiction over Plaintiff and Dyne and the ability to impose sanctions in this action – is necessary to ensure that Dyne, in fact, ceases his improper conduct.

## III. ARGUMENT

This Court has the inherent power to issue a protective order to sanction a party if it "act[s] in bad faith, vexatiously, wantonly, or for oppressive reasons, as well as for willful abuse of the judicial processes." *Gomez v. Vernon*, 255 F.3d 1118, 1133-34 (9th Cir. 2001) (internal quotation omitted); *see also Wharton v. Calderon*, 127 F.3d 1201, 1207 (9th Cir. 1997) (acknowledging the power of a court to issue protective orders as a sanction "or as necessary to control the courtroom or proceedings pending before the court"). Protective orders are a legitimate use of the

court's inherent powers, and a district court has wide discretion to decide when a protective order is appropriate and what degree of protection is required. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984). Even non-coercive efforts at attempting to dissuade a witness from testifying are a federal crime; accordingly, witness tampering is "extremely serious misconduct" that warrants the use of the court's inherent powers to intervene. *Harris v. SCA Rest. Corp.*, No. 09-CV-2212 (JFB) (ETB), 2014 U.S. Dist. LEXIS 33702, at *10 (E.D.N.Y. Mar. 14, 2014) (citations omitted).

Indeed, courts regularly issue protective orders and sanctions to stop parties from harassing, intimidating, and influencing witness testimony. *See Somers v. Dig. Realty Tr., Inc.*, No. 14-cv-05180-EMC (KAW), 2017 U.S. Dist. LEXIS 108996, at *4 (N.D. Cal. July 13, 2017) (issuing a protective order where the plaintiff's e-mail to a third-party witness was "unacceptable" and was "threatening, highly offensive, and very unwelcome."); *Teledyne Techs., Inc. v. Shekar*, No. 15-cv-1392, 2015 U.S. Dist. LEXIS 78220, at *5-6 (N.D. Ill. June 17, 2015) (issuing protective order prohibiting the defendant from "engaging in threatening, intimidating, or abusive communications" with witnesses); *Rissman Hendricks & Oliverio, LLP v. MIV Therapeutics, Inc.*, No. 11-10791-MLW, 2011 U.S. Dist. LEXIS 121426, at *14 (D. Mass. Oct. 20, 2011) ("In the instant case, given the allegations of interference with witnesses, it would be appropriate for this court to exercise its inherent equitable powers to ensure full and fair proceedings."); *see also Harris*, 2014 U.S. Dist. LEXIS 33702, at *11 (noting that although requests for sanctions following witness tampering are not common in federal court, courts hold that witness tampering is sanctionable under a court's inherent power); *Disability Rights N.J., Inc. v. Velez*, No. 10-3950(DRD), 2011 U.S. Dist. LEXIS 78333, at *10 (D.N.J. July 19, 2011) (stating that protective orders are an appropriate vehicle to prevent interference with potential witnesses).

Here, a protective order is necessary and appropriate to prevent Dyne from

4

sending any further harassing, threatening and improper messages to Mr. Weir. From the start of this litigation, Dyne has, without provocation, sent abusive messages to a known defense witness which appear designed to harass and improperly dissuade Mr. Weir from providing testimony in this action. Dyne's communications are all obviously intended to make Mr. Weir believe that his job -- and by extension his very livelihood -- will be in jeopardy if he supports Subaru in this action with truthful testimony. Weir was so alarmed after he received this message that he immediately went to a state court judge and obtained a Personal Protection Order against Dyne on December 28, 2018.

Dyne's supposed representation – through counsel – that he will no longer harass Mr. Weir or other witnesses is not sufficient given his history of aggressive and unpredictable behavior. To provide Subaru, Mr. Weir and other witnesses with assurance that Dyne will, in fact, cease and desist from all improper contact and conduct going forward, Subaru respectfully requests that the Court enter the Protective Order sought herein.

## IV.  CONCLUSION

For the foregoing reasons, Subaru respectfully requests this Court enter an Order directing Colin Dyne to immediately cease and desist from any further contact with Mr. Weir, whether by e-mail, text message, phone, social media or other means, and to physically stay away from Mr. Weir.

DATED:  January 15, 2019          **BALLARD SPAHR LLP**

*/s/ Peter L. Haviland*
Peter L. Haviland
Scott S. Humphreys

Attorneys for Defendant
SUBARU OF AMERICA, INC.

# **CERTIFICATE OF SERVICE**

I certify that on this 15th day of January 2019, I filed a true and correct copy of the foregoing **SUBARU'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER TO PREVENT FURTHER WITNESS TAMPERING AND INTIMIDATION BY COLIN DYNE** electronically through the Court's CM/ECF system, which will send notice of the electronic filing to Plaintiff Alpha GRP. Inc. d/b/a Red Bull Rallycross via its counsel of record:

EAGAN AVENATTI, LLP
Michael J. Avenatti
Ahmed Ibrahim
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
mavenatti@eaganavenatti.com
aibrahim@eaganavenatti.com

Counsel for Plaintiff ALPHA GRP, INC.,
d/b/a RED BULL GLOBAL RALLYCROSS

*/s/ Peter L. Haviland*
Peter L. Haviland