# **Exhibit 5**

**Ballard Spahr** LLP

2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
TEL 424.204.4400
FAX 424.204.4350
www.ballardspahr.com

Peter L. Haviland
Tel: 424.204.4321
Fax: 424.204.4350
havilandp@ballardspahr.com

December 26, 2018

*Via E-mail and U.S. Mail*

Michael J. Avenatti, Esq.
mavenatti@eaganavenatti.com
Ahmed Ibrahim, Esq.
aibrahim@eaganavenatti.com
Eagan Avenatti, LLP
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660

Re:   *ALPHA GRP, Inc. v. Subaru of America, Inc.*, No. 18-cv-02133
      Demand that Colin Dyne Cease Harassing Communications and
      Unauthorized Contact with Subaru Personnel

Dear Mr. Avenatti:

We are advised that at approximately 3:27 a.m. on Christmas Day, yesterday, Colin Dyne sent another threatening text to a witness in our pending Subaru litigation, Robert Weir. The text said words to the effect of, "Your new bosses will know what a POS u are I know all of them." (attached) Mr. Dyne has continued this harassment despite our prior demand that he cease and desist from such conduct (also attached). We renew our demand that you confirm your client's agreement to cease and desist and that you do so by close of business, Pacific time, today.

All rights are reserved.

Sincerely,


/s/ Peter L. Haviland
Peter L. Haviland

PLH

Enclosure


DMWEST #36230493 v1

**Colin Dyne**
(310) 867-9991

**Nice Job Rob**
I will make sure that U loose ur job over this
You are a worthless no spine human being ..

Even your own people hate You ask Lance what he thinks of u ! Scum I'll see u on the other side ... I have been in contact with Japan and I am sure u will hear from THEM
6:28 PM

Friday, March 16, 2018

https://www.prnewswire.com/news-releases/housecanary-awarded-7062-million-jury-verdict-in-ip-theft-case-against-amrock-300615123.html

Enjoy ur weekend
9:40 PM

Tuesday, December 25, 2018

Your new bosses will know what a POS u are I know all of them
3:27 AM

Enter message
SEND

| | |
|---|---|
| **From:** | Michael J. Avenatti <mavenatti@eaganavenatti.com> |
| **Sent:** | Thursday, December 27, 2018 5:40 PM |
| **To:** | Haviland, Peter L. (LA) |
| **Cc:** | Ahmed Ibrahim; Steinbacher, Taylor (LA) |
| **Subject:** | Re: Alpha Grp. v. Subaru of America |

⚠ EXTERNAL

Peter:

This is ridiculous and not a proper basis for a motion for protective order in any event. Please provide the legal basis for you to seek an order of prior restraint in this case. I know of no authority for the proposition that a party in a case such as this can seek to restrain another party from exercising his or her free speech rights and contacting another party. Indeed, to the extent your client has any related rights, they do not arise in this case.

Please send over the authority you are relying on so that we can review it in advance of a telephonic meet and confer.

Michael

Michael J. Avenatti, Esq.

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information.  It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system.  Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

> On Dec 27, 2018, at 5:14 PM, Haviland, Peter L. <HavilandP@ballardspahr.com> wrote:
>
> Ibrahim,
> Respectfully,
> You say there is no need for a motion but you give no assurance that these threats from Colin Dyne will stop nor that your client will desist from his assertion that he will interfere with Mr. Weir's employment contract.
> Time is of the essence and deferring your obligation to meet and confer under these circumstances is unacceptable. Why can't you speak today or tomorrow ?  Absent any reasonable  and articulable justification we will treat this as a refusal to meet and confer and inform the court and proceed accordingly.  Your vacation plans do not trump the livelihood of a witness in this case.
>
> Peter L. Haviland
>
> Ballard Spahr LLP
>
> 2029 Century Park East, Suite 800
> Los Angeles, CA 90067-2909
> 424.204.4321 DIRECT
> 424.204.4350 FAX
>
> havilandp@ballardspahr.com

> - - - - - - - - - - - - - - - - - - - - - - - - -
> www.ballardspahr.com
>
>
> On Dec 27, 2018, at 4:26 PM, Ahmed Ibrahim <aibrahim@eaganavenatti.com<mailto:aibrahim@eaganavenatti.com>> wrote:
>
> ⚠ EXTERNAL
> Peter,
>
> There will be no need for a motion.  We don't have all the details yet, but we have reached out to our client to address this.  If you still want to file a motion, we are available to discuss next week on Thursday afternoon<x-apple-data-detectors://0>, January 3rd.
>
> Ahmed
>
> On Dec 27, 2018, at 5:12 PM, Haviland, Peter L. <HavilandP@ballardspahr.com<mailto:HavilandP@ballardspahr.com>> wrote:
>
> Dear Counsel:
>
> We have received no response to our letter dated December 26, 2018, nor, for that matter, to our prior correspondence dated March 22, 2018.  Pursuant to Local Rule 7-3, please let us know of your availability today, December 27, 2018 or tomorrow, December 28,  2018, for a call to meet and confer regarding the substance of our letter dated December 26, 2018,  and our intent, in light of your failure to respond to our correspondence and your client's continuing misconduct, to file a motion requesting a protective order prohibiting your client Colin Dyne from continuing to contact, harass, threaten, or intimidate Robert Weir, a witness in our pending Subaru litigation.  We can be available at any time today or tomorrow for such a call.
>
> Sincerely,
>
> Peter L. Haviland
>
>
> Debra A. Smith
> Legal Administrative Assistant
>
> [http://images.ballardspahr.com/EmailTemplate/Ballard-llp-x2.gif]<http://www.ballardspahr.com/>
>
>
>
>
>
>
>
> 2029 Century Park East, Suite 800
> Los Angeles, CA 90067-2909<http://maps.apple.com/?address=2029%20Century%20Park%20East,Suite%20800,Los%20Angeles,CA,90067-2909>
> 424.204.4372<tel:424.204.4372> direct
> 424.204.4350<tel:424.204.4350> fax
>

2

>
>
>
> <http://maps.apple.com/?address=,,,,>
>
>
>
>
> smithda@ballardspahr.com<mailto:smithda@ballardspahr.com>
> vcard<https://vcard.ballardspahr.com/Api/Signature/?vkey=21A8E1F481E73C7E7D9B8F154930B010&format=vcard>
>
>
>
> www.ballardspahr.com<http://www.ballardspahr.com/>
>
>
>
>

| | |
|---|---|
| **From:** | Haviland, Peter L. (LA) |
| **Sent:** | Thursday, December 27, 2018 7:15 PM |
| **To:** | Ahmed Ibrahim |
| **Cc:** | Michael J. Avenatti; Steinbacher, Taylor (LA) |
| **Subject:** | Re: Fwd: RE: |

Thank you. On what number should we call you?

**((BallardMobileSignature))**

On Dec 27, 2018, at 7:12 PM, Ahmed Ibrahim <aibrahim@eaganavenatti.com> wrote:

> ⚠ **EXTERNAL**
> Peter,
>
> I'll make myself available to confer tomorrow afternoon at 2.
>
> Ahmed
>
> On Dec 27, 2018, at 8:26 PM, Haviland, Peter L. <HavilandP@ballardspahr.com> wrote:
>
>> Michael —
>> An offer to meet next month or next year is not a proper response to a demand to meet and confer when your client has threatened immediate harm to a material witness. Below is, without limitation, relevant authority for our motion. We demand a meet and confer today or tomorrow. You appear to have time to posture about why you should not confer but claim an inability to confer. This will obviously be part of the record submitted to the court. Your client Mr. Dyne is not rational and Mr. Weir needs protection, immediately.
>>
>> Peter L. Haviland
>>
>> Ballard Spahr LLP
>>
>> 2029 Century Park East, Suite 800
>> Los Angeles, CA 90067-2909
>> 424.204.4321 DIRECT
>> 424.204.4350 FAX
>>
>> havilandp@ballardspahr.com
>> - - - - - - - - - - - - - - - - - - - - - - - - -
>> www.ballardspahr.com
>>
>>
>> A court has inherent powers to sanction a party if it "act[s] in bad faith, vexatiously, wantonly, or for oppressive reasons, as well as for willful abuse of

the judicial processes."  Gomez v. Vernon, 255 F.3d 1118, 1133-34 (9th Cir. 2001) (internal quotation omitted); see also Wharton v. Calderon, 127 F.3d 1201, 1207 (9th Cir. 1997) (acknowledging power of the court to issue protective orders as a sanction "or as necessary to control the courtroom or proceedings pending before the court").  Protective orders are a legitimate use the court's inherent powers, and a district court has wide discretion to decide when a protective order is appropriate and what degree of protection is required.  See Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984).  Even non-coercive efforts at attempting to dissuade a witness from testifying are a federal crime; accordingly, witness tampering is "extremely serious misconduct" that warrants the use of the court's inherent powers to intervene.  Harris v. SCA Rest. Corp., No. 09-CV-2212 (JFB) (ETB), 2014 U.S. Dist. LEXIS 33702, at *10 (E.D.N.Y. Mar. 14, 2014) (citations omitted).

Indeed, courts regularly issue protective orders and sanctions to stop parties from harassing, intimidating, and influencing witness testimony.  See Somers v. Dig. Realty Tr., Inc., No. 14-cv-05180-EMC (KAW), 2017 U.S. Dist. LEXIS 108996, at *4 (N.D. Cal. July 13, 2017) (issuing a protective order where the plaintiff's e-mail to a third-party witness was "unacceptable" and was "threatening, highly offensive, and very unwelcome."); Teledyne Techs., Inc. v. Shekar, No. 15-cv-1392, 2015 U.S. Dist. LEXIS 78220, at *5-6 (N.D. Ill. June 17, 2015) (issuing protective order prohibiting the defendant from "engaging in threatening, intimidating, or abusive communications" with witnesses); Rissman Hendricks & Oliverio, LLP v. MIV Therapeutics, Inc., No. 11-10791-MLW, 2011 U.S. Dist. LEXIS 121426, at *14 (D. Mass. Oct. 20, 2011) ("In the instant case, given the allegations of interference with witnesses, it would be appropriate for this court to exercise its inherent equitable powers to ensure full and fair proceedings."); see also Harris, 2014 U.S. Dist. LEXIS 33702, at *11 (noting that although requests for sanctions following witness tampering are not common in federal court, courts hold that witness tampering is sanctionable under a court's inherent power); Disability Rights N.J., Inc. v. Velez, No. 10-3950(DRD), 2011 U.S. Dist. LEXIS 78333, at *10 (D.N.J. July 19, 2011) (stating that protective orders are an appropriate vehicle to prevent interference with potential witnesses).

See attached authorities.

[cid:Screenshot_20181226-161012]

<Disability Rights N.J._ Inc. v. Velez_ 2011 U.S. Dist.PDF>

<Harris v. SCA Rest. Corp._ 2014 U.S. Dist. LEXIS 33702.PDF>

<Teledyne Techs._ Inc. v. Shekar_ 2015 U.S. Dist. LEXIS (1).PDF>

<Somers v. Dig. Realty Trust_ Inc._ 2017 U.S. Dist. LEXI.PDF>

<Rissman Hendricks & Oliverio_ LLP v. MIV Therapeutics_.PDF>

**Humphreys, Scott S. (LA)**

| | |
|---|---|
| **From:** | Ahmed Ibrahim <aibrahim@eaganavenatti.com> |
| **Sent:** | Friday, December 28, 2018 2:48 PM |
| **To:** | Haviland, Peter L. (LA); Humphreys, Scott S. (LA) |
| **Cc:** | Michael J. Avenatti; John Arden |
| **Subject:** | Alpha GRP v Subaru |

⚠ EXTERNAL

Dear Counsel:

In response to the issue you raised with regards to the text message sent by our client to Robert Weir, please be advised that we have reached out to Mr. Dyne.  It has come to our attention that your client Mr. Weir has apparently been making disparaging remarks about Mr. Dyne to third parties.

Litigating this matter is unnecessary.  After speaking with our client, as I indicated on the phone, he has agreed to cease all direct communications with any current or former employees of Subaru.

Further, we are also agreeable to a joint stipulation and proposed order providing that Mr. Dyne and Mr. Weir are not to communicate with one another.  Let us know if you would like to pursue this.

In light of the above, any motion for protective order would be moot, and more to the point, a waste of the court's time.

Should you nevertheless elect to file a motion, we will oppose the motion on several grounds, including, but not limited to:

1.  The court does not have jurisdiction over communications outside of the courtroom between two private parties.  Further, Subaru would not have standing.   Mr Weir's remedy, if any, would be to pursue a separate action seeking a restraining order.

2.  Any protective order would be an injunction stopping our client from speaking which constitutes a unconstitutional prior restraint on speech.

3.  Two clients in litigation have the right to speak to one another directly.  This is true even if the communication is between an employee of one party and a former employee of another.

4.  The content of the communication, although colorful language was employed, rises to the level of witness tampering or otherwise constitutes an actionable threat.

Regards,

Ahmed