# EXHIBIT 5

Peter L. Haviland (SBN 144967)
  havilandp@ballardspahr.com
Scott S. Humphreys (SBN 298021)
  humphreyss@ballardspahr.com
BALLARD SPAHR LLP
2029 Century Park East, Suite 800
Los Angeles, CA  90067
Telephone: 424.204.4400
Facsimile: 424.204.4350

Attorneys for Defendant
SUBARU OF AMERICA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHA GRP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SUBARU OF AMERICA, INC.<br><br>Defendant. | Case No. 2:18-cv-02133-MWF-MRW<br><br>**NOTICE OF VIDEOTAPED DEPOSITION OF COLBY RODRIGUEZ**<br><br>Date:     Monday, April 15, 2019<br>Time:    9:30 a.m.<br>Place:   BALLARD SPAHR LLP<br>        2029 Century Park East<br>        Suite 800<br>        Los Angeles, CA  90067 |

**PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant Subaru of America, Inc. ("Subaru"), by and through its attorneys, will take the deposition of Colby Rodriguez starting at 9:30 a.m. pacific time on Monday, April 15, 2019 at the offices of Ballard Spahr LLP, located at 2029 Century Park East, Suite 800, Los Angeles, CA 90067, and continuing from day to day thereafter until completed.

The deposition will be taken upon oral examination before a certified shorthand reporter, certified videographer or other officer authorized to administer oaths.  The deposition will be recorded stenographically, through the instant visual display of the testimony, and also will be recorded by video technology. A true and correct copy of the Subpoena to Testify at a Deposition in a Civil Action directed to Colby Rodriguez is attached hereto.

DATED:  March 26, 2019

Peter L. Haviland
Scott S. Humphreys
BALLARD SPAHR LLP

*/s/ Scott S. Humphreys*

Scott S. Humphreys

Attorneys for Defendant
SUBARU OF AMERICA, INC.

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

ALPHA GRP, INC. d/b/a RED BULL GLOBAL
RALLY CROSS, a Delaware Corporation

_____
*Plaintiff*

v.

SUBARU OF AMERICA, INC.

_____
*Defendant*

)
)
)
)
)
)
)

Civil Action No.   2:18-cv-02133-MWF-MRW

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                        COLBY RODRIGUEZ
_____
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a
deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors,
or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or
those set forth in an attachment:

| Place:  BALLARD SPAHR LLP, 2029 Century Park East, Suite 800, Los Angeles, CA 90067 | Date and Time: 04/15/2019 9:30 am |
|---|---|

The deposition will be recorded by this method:    Stenographic, audio and videotape

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents,
electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the
material:

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance;
Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to
respond to this subpoena and the potential consequences of not doing so.

Date:    03/26/2019
          _____

*CLERK OF COURT*

                                        OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Defendant Subaru of America, Inc._____, who issues or requests this subpoena, are:
Scott S. Humphreys, Ballard Spahr LLP, 2029 Century Park East, Suite 800, Los Angeles, CA 90067,
humphreyss@ballardspahr.com; 424-204-4400

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before
trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to
whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:18-cv-02133-MWF-MRW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## CERTIFICATE OF SERVICE

I certify that on this 26th day of March 2019, I served a true and correct copy of the foregoing **NOTICE OF DEPOSITION OF COLBY RODRIGUEZ** and **SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION** attached thereto upon counsel of record for Plaintiff Alpha GRP, Inc. via electronic mail and U.S. Mail, postage prepaid as follows:

EAGAN AVENATTI, LLP
Michael J. Avenatti
Ahmed Ibrahim
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
mavenatti@eaganavenatti.com
aibrahim@eaganavenatti.com

Counsel for Plaintiff ALPHA GRP, INC.,
d/b/a RED BULL GLOBAL RALLYCROSS


*/s/ Scott S. Humphreys*
Scott S. Humphreys

1  Peter L. Haviland (SBN 144967)
      havilandp@ballardspahr.com
2  Scott S. Humphreys (SBN 298021)
      humphreyss@ballardspahr.com
3  BALLARD SPAHR LLP
   2029 Century Park East, Suite 800
4  Los Angeles, CA  90067
   Telephone: 424.204.4400
5  Facsimile: 424.204.4350

6  Attorneys for Defendant
   SUBARU OF AMERICA, INC.

7

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12

| | |
|---|---|
| ALPHA GRP, INC., | Case No. 2:18-cv-02133-MWF-MRW |
| Plaintiff, | **AMENDED NOTICE OF VIDEOTAPED DEPOSITION OF COLBY RODRIGUEZ** |
| v. | |
| SUBARU OF AMERICA, INC. | |
| Defendant. | Date: Tuesday, April 16, 2019<br>Time: 10:00 a.m.<br>Place: BALLARD SPAHR LLP<br>2029 Century Park East<br>Suite 800<br>Los Angeles, CA  90067 |

1

2

3

4

5

6

7

8

9

10

11

12

**PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant Subaru of America, Inc. ("Subaru"), by and through its attorneys, will take the deposition of Colby Rodriguez starting at 10:00 a.m. pacific time on Tuesday, April 16, 2019 at the offices of Ballard Spahr LLP, located at 2029 Century Park East, Suite 800, Los Angeles, CA 90067, and continuing from day to day thereafter until completed.

The deposition will be taken upon oral examination before a certified shorthand reporter, certified videographer or other officer authorized to administer oaths.  The deposition will be recorded stenographically, through the instant visual display of the testimony, and also will be recorded by video technology. A true and correct copy of the Subpoena to Testify at a Deposition in a Civil Action directed to Colby Rodriguez is attached hereto.

13   DATED:  April 11, 2019

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Peter L. Haviland
Scott S. Humphreys
BALLARD SPAHR LLP

*/s/ Scott S. Humphreys*
Scott S. Humphreys

Attorneys for Defendant
SUBARU OF AMERICA, INC.

2

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| ALPHA GRP, INC. d/b/a RED BULL GLOBAL RALLY CROSS, a Delaware Corporation | )<br>)<br>) |  |
| --- | --- | --- |
| *Plaintiff* | ) |  |
| v. | ) | Civil Action No.  2:18-cv-02133-MWF-MRW |
| SUBARU OF AMERICA, INC. | )<br>)<br>) |  |
| *Defendant* | ) |  |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                         COLBY RODRIGUEZ
_____

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:   BALLARD SPAHR LLP, 2029 Century Park East, Suite 800, Los Angeles, CA 90067 | Date and Time:<br>          04/15/2019 9:30 am |
| --- | --- |

The deposition will be recorded by this method:    Stenographic, audio and videotape

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

          The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     03/26/2019
          _____

|  CLERK OF COURT | OR |  |
| --- | --- | --- |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Defendant Subaru of America, Inc. _____, who issues or requests this subpoena, are:
Scott S. Humphreys, Ballard Spahr LLP, 2029 Century Park East, Suite 800, Los Angeles, CA 90067,
humphreyss@ballardspahr.com; 424-204-4400

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 2:18-cv-02133-MWF-MRW Document 44-6 Filed 04/24/19 Page 11 of 42 Page ID #:651

Civil Action No. **2:18-cv-02133-MWF-MRW**

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* **Colby Rodriguez**
on *(date)* **April 5, 2019**

☑ I served the subpoena by delivering a copy to the named person as follows: **7194 Enclave Dr , Eastvale, CA 92880-3828** on **4/5/2019 6:25 PM** ;or

☐ I returned the summons unexecuted because; _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for ones day's attendance, and the mileage allowed by law, in the amount of

$105.**00**

My fees are $ .00 for travel and $ 160.00 for services, for a total of $ 265.00

I declare under penalty of perjury that this information is true.

Date: 4/7/2019

_____
*Kenneth Wright*
*Server's signature*

**KENNETH WRIGHT**
*Printed name and title*

**Contracted by**
**1610 Beverly Boulevard, 2**
**Los Angeles, CA 90026**
**(213) 201-5856**
*Server's Address*

Additional information regarding attempted service, etc.:

AO88-PLA23492

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# CERTIFICATE OF SERVICE

I certify that on this 11th day of April 2019, I served a true and correct copy of the foregoing **NOTICE OF DEPOSITION OF COLBY RODRIGUEZ** and **SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION** attached thereto upon counsel of record for Plaintiff Alpha GRP, Inc. via electronic mail and U.S. Mail, postage prepaid as follows:

EAGAN AVENATTI, LLP
Michael J. Avenatti
Ahmed Ibrahim
John Arden
Judy Regnier
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
mavenatti@eaganavenatti.com
aibrahim@eaganavenatti.com
jarden@eaganavenatti.com
jregnier@eaganavenatti.com

Counsel for Plaintiff ALPHA GRP, INC.,
d/b/a RED BULL GLOBAL RALLYCROSS

*/s/ Scott S. Humphreys*
Scott S. Humphreys

Peter L. Haviland (SBN 144967)
   havilandp@ballardspahr.com
Scott S. Humphreys (SBN 298021)
   humphreyss@ballardspahr.com
BALLARD SPAHR LLP
2029 Century Park East, Suite 800
Los Angeles, CA  90067
Telephone: 424.204.4400
Facsimile: 424.204.4350

Attorneys for Defendant
SUBARU OF AMERICA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHA GRP, INC.,<br><br>                Plaintiff,<br><br>        v.<br><br>SUBARU OF AMERICA, INC.<br><br>                Defendant. | Case No. 2:18-cv-02133-MWF-MRW<br><br>**NOTICE OF VIDEOTAPED DEPOSITION OF COLIN DYNE**<br><br>Date:        Thursday, April 18, 2019<br>Time:       9:30 a.m.<br>Place:      BALLARD SPAHR LLP<br>               2029 Century Park East<br>               Suite 800<br>               Los Angeles, CA  90067 |

**PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant Subaru of America, Inc. ("Subaru"), by and through its attorneys, will take the deposition of Colin Dyne starting at 9:30 a.m. pacific time on Thursday, April 18, 2019 at the offices of Ballard Spahr LLP, located at 2029 Century Park East, Suite 800, Los Angeles, California 90067, and continuing from day to day thereafter until completed.

The deposition will be taken upon oral examination before a certified shorthand reporter, certified videographer or other officer authorized to administer oaths.  The deposition will be recorded stenographically, through the instant visual display of the testimony, and also will be recorded by video technology. A true and correct copy of the Subpoena to Testify at a Deposition in a Civil Action directed to Colin Dyne is attached hereto.

DATED:  March 26, 2019

Peter L. Haviland
Scott S. Humphreys
BALLARD SPAHR LLP

*/s/ Scott S. Humphreys*

Scott S. Humphreys

Attorneys for Defendant
SUBARU OF AMERICA, INC.

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | | |
|---|---|---|
| ALPHA GRP. INC. d/b/a RED BULL GLOBAL RALLY CROSS, a Delaware Corporation | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:18-cv-02133-MWF-MRW |
| SUBARU OF AMERICA, INC. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                COLIN  DYNE

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  BALLARD SPAHR LLP, 2029 Century Park East, Suite 800, Los Angeles, CA 90067 | Date and Time: 04/18/2019 9:30 am |
|---|---|

The deposition will be recorded by this method:   Stenographic, audio and videotape

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:       03/26/2019

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Defendant Subaru of America, Inc. _____, who issues or requests this subpoena, are:
Scott S. Humphreys, Ballard Spahr LLP, 2029 Century Park East, Suite 800, Los Angeles, CA 90067,
humphreyss@ballardspahr.com; 424-204-4400

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   2:18-cv-02133-MWF-MRW

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**CERTIFICATE OF SERVICE**

I certify that on this 26th day of March 2019, I served a true and correct copy of the foregoing **NOTICE OF DEPOSITION OF COLIN DYNE** and **SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION** attached thereto upon counsel of record for Plaintiff Alpha GRP, Inc. via electronic mail and U.S. Mail, postage prepaid as follows:

EAGAN AVENATTI, LLP
Michael J. Avenatti
Ahmed Ibrahim
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
mavenatti@eaganavenatti.com
aibrahim@eaganavenatti.com

Counsel for Plaintiff ALPHA GRP, INC.,
d/b/a RED BULL GLOBAL RALLYCROSS

*/s/ Scott S. Humphreys*
Scott S. Humphreys

1   Peter L. Haviland (SBN 144967)
      havilandp@ballardspahr.com
2   Scott S. Humphreys (298021)
      humphreyss@ballardspahr.com
3   BALLARD SPAHR LLP
    2029 Century Park East, Suite 800
4   Los Angeles, CA  90067
    Telephone: 424.204.4400
5   Facsimile: 424.204.4350

6
    Attorneys for Defendant
7   SUBARU OF AMERICA, INC.

8

9

10                  UNITED STATES DISTRICT COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

12

13   ALPHA GRP, INC.,                    Case No. 2:18-cv-02133-MWF-MRW

14              Plaintiff,               **NOTICE OF VIDEOTAPED
                                         DEPOSITION OF PLAINTIFF
15        v.                             ALPHA GRP, INC. PURSUANT
                                         TO F.R.C.P. 30(b)(6)**
16   SUBARU OF AMERICA, INC.

17              Defendant.               Date:      Friday, April 19, 2019
                                         Time:      9:30 a.m.
18                                       Place:     BALLARD SPAHR LLP
                                                    2029 Century Park East
19                                                  Suite 800
                                                    Los Angeles, CA  90067
20

21

22

23

24

25

26

27

28

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant Subaru of America, Inc. ("Subaru"), by and through its attorneys, will take the deposition of Plaintiff Alpha GRP, Inc. ("Alpha GRP" or "You" or "Your") starting at 9:30 a.m. pacific time on Friday, April 19, 2019 at the offices of Ballard Spahr LLP, located at 2029 Century Park East, Suite 800, Los Angeles, California 90067, and continuing from day to day thereafter until completed.

The deposition will be taken upon oral examination before a certified shorthand reporter, certified videographer or other officer authorized to administer oaths. The deposition will be recorded stenographically, through the instant visual display of the testimony, and also will be recorded by video technology.

Pursuant to Rule 30(b)(6), Alpha must designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf on the matters set forth below:

### 30(b)(6) Deposition Topics

1.     All allegations set forth in Alpha GRP's initial Complaint and its First Amended Complaint filed in this action.

2.     Alpha GRP's written corporate sponsorship agreements with Subaru for each GRC Series in which Subaru participated.

3.     Alpha GRP's proposed corporate sponsorship agreement with Subaru for the 2018 GRC Series.

4.     All representations or promises that Alpha GRP alleges that Subaru or any of its representatives made with respect to the 2018 GRC Series.

5.     Any contracts that You allege existed between Alpha GRP and Subaru that were "not reduced to formal writing" as alleged in paragraph 17 of Your First Amended Complaint.

6.     The January 16, 2018 meeting in Detroit with Alpha GRP and other Official Manufacturing Partners and teams, including the "agreed-upon list of

items" that You allege "each party would agree to perform moving forward" as alleged in paragraph 41 of the Complaint and forth in response to Subaru's Interrogatory No. 3.

7.    All facts supporting Your allegation in paragraph 43 of the First Amended Complaint that "as of January 2018 … Subaru had committed itself to run a third car in the 2018 GRC series."

8.    All "actions" that Alpha GRP alleges that it took "in reliance on" Subaru's alleged commitment to participate in the 2018 series, as alleged in paragraph 44 of the First Amended Complaint and Your Initial Disclosures.

9.    The "second Detroit meeting" that You allege took place in January 2018 but You did not participate in as alleged in paragraphs 48-51 of the First Amended Complaint.

10.    The "private conference call" that You allege took place "between [Alpha GRP] and Official Manufacturer Partners and race teams regarding the 2018 season" as alleged in paragraph 52 of the Complaint.

11.    All communications with representatives from other Official Manufacturer Partners that did not participate in the 2018 GRC Series, including but not limited to American Honda and Volkswagen.

12.    All facts that support Your allegation in paragraph 56 of the Complaint that "[a]n executive of Co-conspirator Co. subsequently surreptitiously dialed into the call, unbeknownst to Alpha GRP …."

13.    All facts that support Your allegation in paragraph 57 of the Complaint that "Co-conspirator co… obtained knowledge of Alpha GRP's proprietary and confidential business plans for the 2018 series …"

14.    All facts that support Your allegation in paragraph 63 of the First Amended Complaint that "the 2018 Co-conspirator Co. series … has been formed utilizing information improperly obtained by Co-conspirator and Subaru."

NOTICE OF DEPOSITION OF PLAINTIFF ALPHA GRP, INC. PURSUANT TO F.R.C.P. 30(b)(6)

15.     The amount of and basis for any damages that Alpha GRP claims to have suffered as a result of any conduct of Subaru.

16.     Alpha GRP's initial disclosures dated September 19, 2018.

17.     Alpha GRP's responses to discovery in this action, including its initial and supplemental responses to Subaru's First Set of Interrogatories, First Set of Requests for Admission and First Set of Requests for Production.

18.     All documents and other materials produced by Alpha GRP in response to discovery requests in this action, including audio recordings produced by Alpha GRP.

19.     Alpha GRP's document retention policies, procedures, and practices both generally and following initiation of this action.

DATED:  April 2, 2019                    BALLARD SPAHR LLP

                                         */s/ Scott S. Humphreys*
                                         Peter L. Haviland
                                         Scott S. Humphreys

                                         Attorneys for Defendant
                                         SUBARU OF AMERICA, INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 2, 2019, I served a true and correct copy of the

foregoing **NOTICE OF VIDEOTAPED DEPOSITION OF PLAINTIFF**

**ALPHA GRP, INC. PURSUANT TO F.R.C.P. 30(b)(6)** upon counsel of record

for Plaintiff Alpha GRP, Inc. via electronic mail and overnight mail, by causing

document(s) to be picked up by an overnight delivery service company for delivery

to the following addressee(s) on the next business day:


EAGAN AVENATTI, LLP
Michael J. Avenatti
Ahmed Ibrahim
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
mavenatti@eaganavenatti.com
aibrahim@eaganavenatti.com

Counsel for Plaintiff ALPHA GRP, INC.,
d/b/a RED BULL GLOBAL RALLYCROSS


                              _/s/ Scott S. Humphreys_
                              Scott S. Humphreys

1    Peter L. Haviland (SBN 144967)
      havilandp@ballardspahr.com
2    Scott S. Humphreys (SBN 298021)
      humphreyss@ballardspahr.com
3    BALLARD SPAHR LLP
     2029 Century Park East, Suite 800
4    Los Angeles, CA  90067
     Telephone: 424.204.4400
5    Facsimile: 424.204.4350

6    Attorneys for Defendant
     SUBARU OF AMERICA, INC.
7

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11

12   ALPHA GRP, INC.,                Case No. 2:18-cv-02133-MWF-MRW

13             Plaintiff,            **NOTICE OF VIDEOTAPED
                                     DEPOSITION OF ANDREA SOBEL**
14         v.

15   SUBARU OF AMERICA, INC.
                                     Date:      Monday, April 22, 2019
16             Defendant.            Time:      9:30 a.m.
                                     Place:     BALLARD SPAHR LLP
17                                              2029 Century Park East
                                                Suite 800
18                                              Los Angeles, CA  90067
19

20

21

22

23

24

25

26

27

28

─────────────────────────────────────────

**PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant Subaru of America, Inc. ("Subaru"), by and through its attorneys, will take the deposition of Andrea Sobel starting at 9:30 a.m. pacific time on Monday, April 22, 2019 at the offices of Ballard Spahr LLP, located at 2029 Century Park East, Suite 800, Los Angeles, CA 90067, and continuing from day to day thereafter until completed.

The deposition will be taken upon oral examination before a certified shorthand reporter, certified videographer or other officer authorized to administer oaths. The deposition will be recorded stenographically, through the instant visual display of the testimony, and also will be recorded by video technology. A true and correct copy of the Subpoena to Testify at a Deposition in a Civil Action directed to Andrea Sobel is attached hereto.

DATED: April 2, 2019

Peter L. Haviland
Scott S. Humphreys
BALLARD SPAHR LLP

*/s/ Scott S. Humphreys*
Scott S. Humphreys

Attorneys for Defendant
SUBARU OF AMERICA, INC.

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| ALPHA GRP, INC. d/b/a RED BULL GLOBAL RALLY CROSS, a Delaware Corporation | ) |
| *Plaintiff* | ) |
| v. | ) |
| SUBARU OF AMERICA, INC. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   2:18-cv-02133-MWF-MRW

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:

ANDREA SOBEL

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  BALLARD SPAHR LLP, 2029 Century Park East, Suite 800, Los Angeles, CA 90067 | Date and Time:  04/22/2019 9:30 am |
|---|---|

The deposition will be recorded by this method:   Stenographic, audio and videotape

❑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   04/02/2019

*CLERK OF COURT*

OR

/s/ Scott S. Humphreys

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Defendant Subaru of America, Inc. _____ , who issues or requests this subpoena, are:
Scott S. Humphreys, Ballard Spahr LLP, 2029 Century Park East, Suite 800, Los Angeles, CA 90067, humphreyss@ballardspahr.com; 424-204-4400

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. **2:18-cv-02133-MWF-MRW**

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  **Andrea Sobel**
on *(date)*  **April 8, 2019**

☑ I served the subpoena by delivering a copy to the named person as follows: **6203 Variel Ave Unit 216 , Woodland Hills, CA 91367-2473 on 4/14/2019 7:50 PM** ;or

☐ I returned the summons unexecuted because; _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for ones day's attendance, and the mileage allowed by law, in the amount of

$**63.78**

My fees are $ .00 for travel and $ 320.00 for services, for a total of $ 383.78

I declare under penalty of perjury that this information is true.

Date:4/15/2019

_____
*Mark Shurlock*
*Server's signature*

_____
**MARK SHURLOCK**
*Printed name and title*

**Contracted by**
**4373 Santa Anita Avenue,**
**El Monte, CA 91731**
**(213) 201-5856**
*Server's Address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## CERTIFICATE OF SERVICE

I certify that on this 2nd day of April 2019, I served a true and correct copy of the foregoing **NOTICE OF DEPOSITION OF ANDREA SOBEL** and **SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION** attached thereto upon counsel of record for Plaintiff Alpha GRP, Inc. via electronic mail and overnight mail, by causing document(s) to be picked up by an overnight delivery service company for delivery to the following addressee(s) on the next business day:

EAGAN AVENATTI, LLP
Michael J. Avenatti
Ahmed Ibrahim
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
mavenatti@eaganavenatti.com
aibrahim@eaganavenatti.com

Counsel for Plaintiff ALPHA GRP, INC.,
d/b/a RED BULL GLOBAL RALLYCROSS


_/s/ Scott S. Humphreys_
Scott S. Humphreys

1   Peter L. Haviland (SBN 144967)
      havilandp@ballardspahr.com
2   Scott S. Humphreys (SBN 298021)
      humphreyss@ballardspahr.com
3   BALLARD SPAHR LLP
    2029 Century Park East, Suite 800
4   Los Angeles, CA  90067
    Telephone: 424.204.4400
5   Facsimile: 424.204.4350

6   Attorneys for Defendant
    SUBARU OF AMERICA, INC.
7

8

9                    UNITED STATES DISTRICT COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11

12  ALPHA GRP, INC.,                      Case No. 2:18-cv-02133-MWF-MRW

13              Plaintiff,                **NOTICE OF VIDEOTAPED
                                          DEPOSITION OF JEFF SWOBODA**
14         v.

15  SUBARU OF AMERICA, INC.
                                          Date:      Tuesday, April 23, 2019
16              Defendant.                Time:      9:30 a.m.
                                          Place:     BALLARD SPAHR LLP
17                                                   2029 Century Park East
                                                     Suite 800
18                                                   Los Angeles, CA  90067

19

20

21

22

23

24

25

26

27

28

1  **PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of

2  Civil Procedure, Defendant Subaru of America, Inc. ("Subaru"), by and through its

3  attorneys, will take the deposition of Jeff Swoboda starting at 9:30 a.m. pacific time

4  on Tuesday, April 23, 2019 at the offices of Ballard Spahr LLP, located at

5  2029 Century Park East, Suite 800, Los Angeles, CA 90067, and continuing from

6  day to day thereafter until completed.

7  The deposition will be taken upon oral examination before a certified

8  shorthand reporter, certified videographer or other officer authorized to administer

9  oaths.  The deposition will be recorded stenographically, through the instant

10  visual display of the testimony, and also will be recorded by video technology.

11  A true and correct copy of the Subpoena to Testify at a Deposition in a Civil

12  Action directed to Jeff Swoboda is attached hereto.

13  DATED:  April 2, 2019                          Peter L. Haviland

14                                                          Scott S. Humphreys

15                                                          BALLARD SPAHR LLP

16                                                          */s/ Scott S. Humphreys*

17                                                             Scott S. Humphreys

18                                                          Attorneys for Defendant

19                                                          SUBARU OF AMERICA, INC.

20

21

22

23

24

25

26

27

28

2

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| ALPHA GRP, INC. d/b/a RED BULL GLOBAL RALLY CROSS, a Delaware Corporation | ) |
| *Plaintiff* | ) |
| v. | ) |
| SUBARU OF AMERICA, INC. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.    2:18-cv-02133-MWF-MRW

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
                         JEFF SWOBODA

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| | |
|---|---|
| Place:   BALLARD SPAHR LLP, 2029 Century Park East, Suite 800, Los Angeles, CA 90067 | Date and Time:   04/23/2019 9:30 am |

The deposition will be recorded by this method:   Stenographic, audio and videotape

❏ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    04/02/2019

                         *CLERK OF COURT*

                                                  OR

                                                          /s/ Scott S. Humphreys

_____                _____
    *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Defendant Subaru of America, Inc.
_____ , who issues or requests this subpoena, are:
Scott S. Humphreys, Ballard Spahr LLP, 2029 Century Park East, Suite 800, Los Angeles, CA 90067,
humphreyss@ballardspahr.com; 424-204-4400

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. **2:18-cv-02133-MWF-MRW**

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  **Jeff Swoboda**
on *(date)*  **April 5, 2019**

☑ I served the subpoena by delivering a copy to the named person as follows: **21 Somerset , Trabuco Canyon, CA 92679-3701 on 4/8/2019 7:30 PM** ;or

☐ I returned the summons unexecuted because; _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for ones day's attendance, and the mileage allowed by law, in the amount of

**$117.75**

My fees are $ .00 for travel and $ 160.00 for services, for a total of $ 277.75

I declare under penalty of perjury that this information is true.


Date:4/9/2019

_____
*Kenneth Wright*
*Server's signature*


**KENNETH WRIGHT**
*Printed name and title*

**Contracted by**
**1610 Beverly Boulevard, 2**
**Los Angeles, CA 90026**
**(213) 201-5856**
*Server's Address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on this 2nd day of April 2019, I served a true and correct copy of the foregoing **NOTICE OF DEPOSITION OF JEFF SWOBODA** and **SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION** attached thereto upon counsel of record for Plaintiff Alpha GRP, Inc. via electronic mail and overnight mail, by causing document(s) to be picked up by an overnight delivery service company for delivery to the following addressee(s) on the next business day:

EAGAN AVENATTI, LLP
Michael J. Avenatti
Ahmed Ibrahim
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
mavenatti@eaganavenatti.com
aibrahim@eaganavenatti.com

Counsel for Plaintiff ALPHA GRP, INC.,
d/b/a RED BULL GLOBAL RALLYCROSS


*/s/ Scott S. Humphreys*
Scott S. Humphreys

1  Peter L. Haviland (SBN 144967)
     havilandp@ballardspahr.com
2  Scott S. Humphreys (SBN 298021)
     humphreyss@ballardspahr.com
3  BALLARD SPAHR LLP
   2029 Century Park East, Suite 800
4  Los Angeles, CA  90067
   Telephone: 424.204.4400
5  Facsimile: 424.204.4350

6  Attorneys for Defendant
   SUBARU OF AMERICA, INC.

7

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11

12  ALPHA GRP, INC.,                 Case No. 2:18-cv-02133-MWF-MRW

13           Plaintiff,              **NOTICE OF VIDEOTAPED
                                     DEPOSITION OF CHRIS LEONE**
14       v.

15  SUBARU OF AMERICA, INC.          Date:      Wednesday, April 24, 2019
                                     Time:      9:30 a.m.
16           Defendant.             Place:     BALLARD SPAHR LLP
                                               2029 Century Park East
17                                             Suite 800
                                               Los Angeles, CA  90067
18

19

20

21

22

23

24

25

26

27

28

---
NOTICE OF DEPOSITION OF CHRIS LEONE

**PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant Subaru of America, Inc. ("Subaru"), by and through its attorneys, will take the deposition of Jeff Swoboda starting at 9:30 a.m. pacific time on Wednesday, April 24, 2019 at the offices of Ballard Spahr LLP, located at 2029 Century Park East, Suite 800, Los Angeles, CA 90067, and continuing from day to day thereafter until completed.

The deposition will be taken upon oral examination before a certified shorthand reporter, certified videographer or other officer authorized to administer oaths.  The deposition will be recorded stenographically, through the instant visual display of the testimony, and also will be recorded by video technology. A true and correct copy of the Subpoena to Testify at a Deposition in a Civil Action directed to Chris Leone is attached hereto.

DATED:  April 2, 2019

Peter L. Haviland
Scott S. Humphreys
BALLARD SPAHR LLP

*/s/ Scott S. Humphreys*

Scott S. Humphreys

Attorneys for Defendant
SUBARU OF AMERICA, INC.

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Central District of California

| | |
|---|---|
| ALPHA GRP, INC. d/b/a RED BULL GLOBAL RALLY CROSS, a Delaware Corporation | ) |
| *Plaintiff* | ) |
| v. | ) |
| SUBARU OF AMERICA, INC. | ) |
| | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   2:18-cv-02133-MWF-MRW

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
CHRIS LEONE

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| | |
|---|---|
| Place:   BALLARD SPAHR LLP, 2029 Century Park East, Suite 800, Los Angeles, CA 90067 | Date and Time: 04/24/2019 9:30 am |

The deposition will be recorded by this method:   Stenographic, audio and videotape

❑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   04/02/2019

| CLERK OF COURT | OR | /s/ Scott S. Humphreys |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Defendant Subaru of America, Inc. _____ , who issues or requests this subpoena, are:
Scott S. Humphreys, Ballard Spahr LLP, 2029 Century Park East, Suite 800, Los Angeles, CA 90067, humphreyss@ballardspahr.com; 424-204-4400

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:18-cv-02133-MWF-MRW

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　**(i)** is a party or a party's officer; or
　　**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
　**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
　**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

　**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

　　**(i)** fails to allow a reasonable time to comply;
　　**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　**(iv)** subjects a person to undue burden.
　**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

　　**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
　　**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
　**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
　**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　**(i)** expressly make the claim; and
　　**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# CERTIFICATE OF SERVICE

I certify that on this 2nd day of April 2019, I served a true and correct copy of the foregoing **NOTICE OF DEPOSITION OF CHRIS LEONE** and **SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION** attached thereto upon counsel of record for Plaintiff Alpha GRP, Inc. via electronic mail and overnight mail, by causing document(s) to be picked up by an overnight delivery service company for delivery to the following addressee(s) on the next business day:

> EAGAN AVENATTI, LLP
> Michael J. Avenatti
> Ahmed Ibrahim
> 520 Newport Center Drive, Suite 1400
> Newport Beach, CA 92660
> mavenatti@eaganavenatti.com
> aibrahim@eaganavenatti.com
>
> Counsel for Plaintiff ALPHA GRP, INC.,
> d/b/a RED BULL GLOBAL RALLYCROSS

　　　　　　　　　　　　　　　 */s/ Scott S. Humphreys*
　　　　　　　　　　　　　　　　Scott S. Humphreys