# EXHIBIT 9

## Humphreys, Scott S. (LA)

| | |
|---|---|
| **From:** | Humphreys, Scott S. (LA) |
| **Sent:** | Tuesday, April 16, 2019 2:30 PM |
| **To:** | MRW_Chambers@cacd.uscourts.gov |
| **Cc:** | Haviland, Peter L. (LA); Ahmed Ibrahim; Michael Avenatti |
| **Subject:** | RE: Alpha GRP, Inc. v. Subaru (Case No. 2:18-cv-02133-MWF-MRW) |
| **Attachments:** | AlphaGRP General Assignment.pdf; 2019-04-10 -- Notice of Receiveship re Eagan Avenatti.PDF |

Dear Judge Wilner:

Defendant Subaru has learned of two developments of importance to the Court's call scheduled for April 22, 2019:

1) Plaintiff Alpha GRP, Inc. ("Plaintiff") entered into an Assignment for the Benefit of Creditors dated April 6, 2018, assigning all of its rights, including choses in action, to a California LLC apparently managed by Sherwood Partners, Inc. (*see* attached "General Assignment"). This raises a question of whether Plaintiff lacks standing to prosecute this matter.

2) The firm Eagan Avenatti LLP and Michael Avenatti individually, currently listed as counsel of record in this matter ("Avenatti"), are subject to a Receivership and Restraining Order entered February 13, 2019 by the United States District Court for the Central District of California, *In re Eagan Avenatti LLP, Case No. 8:18-CV-01644-VAP-KES (*see attached "Joint Stipulation and Order Re Appointment of Receiver and Restraining Order"). The Receivership and Restraining Order appears to limit or divest Avenatti of the ability to prosecute or settle this action.

In light of these facts, Defense counsel respectfully requests that the Court direct that Plaintiff's counsel make an offer of proof on the threshold matters of (i) what entity they represent, and the standing of that entity to proceed; (ii) who, if anyone, on behalf of the Receiver or on behalf of either the Assignee or Assignor in the Assignment for the Benefit of Creditors, has retained or authorized Eagan Avenatti LLP, Michael Avenatti, or any other purported Plaintiff's counsel to continue to prosecute this action following the entry of the General Assignment and the Receivership and Restraining Order.

Respectfully,


**Scott Humphreys**
Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Direct 424.204.4333
Fax 424.204.4350
Mobile 303.968.6509
humphreyss@ballardspahr.com
www.ballardspahr.com

**From:** Veronica_Piper@cacd.uscourts.gov <Veronica_Piper@cacd.uscourts.gov> **On Behalf Of** MRW_Chambers@cacd.uscourts.gov
**Sent:** Tuesday, April 16, 2019 11:06 AM
**To:** Humphreys, Scott S. (LA) <HumphreysS@ballardspahr.com>; Ahmed Ibrahim <aibrahim@ailawfirm.com>; Michael Avenatti <m@thefight.us>

1

**Cc:** Haviland, Peter L. (LA) <HavilandP@ballardspahr.com>
**Subject:** RE: Alpha GRP, Inc. v. Subaru (Case No. 2:18-cv-02133-MWF-MRW)

Plaintiff's lawyer to immediately update contact information or file notice of withdrawal from representation pursuant to local rule.

| | |
|---|---|
| From: | "Humphreys, Scott S." <HumphreysS@ballardspahr.com> |
| To: | "MRW_Chambers@cacd.uscourts.gov" <MRW_Chambers@cacd.uscourts.gov> |
| Cc: | Michael Avenatti <m@thefight.us>, Ahmed Ibrahim <aibrahim@ailawfirm.com>, "Haviland, Peter L." <HavilandP@ballardspahr.com> |
| Date: | 04/16/2019 08:47 AM |
| Subject: | RE: Alpha GRP, Inc. v. Subaru (Case No. 2:18-cv-02133-MWF-MRW) |

Dear Judge Wilner:

The deposition was properly noticed, and the deponent, non-party Colby Rodriguez, will be represented by his own counsel at the deposition. Attached are the original deposition notice and amended deposition notice which were sent to Plaintiff's counsel of record at the contact information listed on pleadings/motions filed by Plaintiff's counsel in this action.

On March 18, 2019, I sent an email to counsel of record, Mr. Avenatti and Mr. Ibrahim, and received an automatic response stating "You have sent an e-mail to Ahmed Ibrahim. Please be advised that Mr. Ibrahim no longer works for this firm. If you need immediate assistance, please contact Michael Avenatti at mavenatti@eaganavenatti.com." I then sent an email to Mr. Avenatti copying that automatic response and asked whether he, or someone else, would be handling the case going forward. Mr. Avenatti responded from that email address: "Yes – I remain the lead attorney." (see attached email).

On March 26, I sent the original deposition notice to Mr. Avenatti (using the same email chain above in which Mr. Avenatti confirmed that he was lead counsel), with copy to two other individuals whom I understood to be employed by Eagan Avenatti and working on this case.

On April 9, I had a telephone call with Mr. Ibrahim. He confirmed that he was no longer with the firm Eagan Avenatti, that he had started his own firm, and that he was no longer representing Alpha GRP. I informed him that I had received the email from Mr. Avenatti stating that "I remain the lead attorney" and that I had been sending communications about discovery matters to Mr. Avenatti. Mr. Ibrahim stated that Plaintiff might retain other counsel, but that he did not know if this would occur as he did not represent Plaintiff. Based on that telephone call, it was my understanding that Mr. Avenatti and the Eagan Avenatti firm were continuing as counsel for Plaintiff, and that Mr. Ibrahim was no longer counsel for Plaintiff.

On April 12, I sent the amended deposition notice to Mr. Avenetti and others at Eagan Avenatti. The amended deposition notice provides that the deposition was continued by one day, from April 15 to April 16, 2019 at 10:00 a.m. This change was made to accommodate the availability of the deponent and his counsel.

On April 13, I sent other outstanding deposition notices and subpoenas to Mr. Ibrahim. I had not received a response from Mr. Avenatti or any other counsel as to whether his firm would accept service of the subpoenas or whether those depositions, including the Plaintiff's 30(b)(6) deposition, would proceed as noticed, so I sent those notices to Mr. Ibrahim to see if he could speak with Mr. Avenatti or otherwise facilitate a response from Mr. Avenetti. Mr. Ibrahim did not respond to that email.

On April 15, at approx. 5:32 pm, I received a call from Mr. Ibrahim who requested, for the first time, that the deposition set for April 16 at 10:00 a.m. be continued. Because the deposition had been properly noticed, and the deponent and his counsel had already cleared their calendars to appear at the deposition (and would be driving a long distance from the Riverside/Eastvale area), I informed Mr. Ibrahim that the deposition would proceed as noticed.

Respectfully submitted,

**Scott Humphreys**
Ballard Spahr LLP
2029 Century Park East, Suite 800

2

Los Angeles, CA 90067-2909
Direct 424.204.4333
Fax 424.204.4350
Mobile 303.968.6509
humphreyss@ballardspahr.com
www.ballardspahr.com

**From:** Ahmed Ibrahim <aibrahim@ailawfirm.com>
**Sent:** Monday, April 15, 2019 7:43 PM
**To:** MRW_Chambers@cacd.uscourts.gov
**Cc:** Michael Avenatti <m@thefight.us>; Humphreys, Scott S. (LA) <HumphreysS@ballardspahr.com>; Haviland, Peter L. (LA) <HavilandP@ballardspahr.com>
**Subject:** Alpha GRP, Inc. v. Subaru (Case No. 2:18-cv-02133-MWF-MRW)

⚠ **EXTERNAL**

Dear Judge Wilner,

I write to you in connection with the above-referenced case to bring an important matter to your attention. I am listed as one of the attorneys on the court docket representing the plaintiff Alpha GRP, Inc. My name appears as counsel of record based on my prior employment with Eagan Avenatti, LLP. As of early March 2019, however, I had left Eagan Avenatti to start my own practice. Since shortly thereafter, I have not been receiving e-mails being sent to my old Eagan Avenatti e-mail address. In addition, I understand that all files relating to Plaintiff's case were seized by federal authorities in connection with an investigation involving Michael Avenatti.

The reason I am contacting you is that I learned this evening at approximately 5:15 p.m. for the very first time that Defendant Subaru, Inc. intends to take a deposition of a third-party witness, Mr. Colby Rodriguez, tomorrow morning in Los Angeles. As noted, I had no notice of this deposition. In fact, on Friday, April 12, counsel for Subaru sent a series of deposition notices they claim to have properly served on Plaintiff to me by e-mail (see attached)—but inexplicably did not include the deposition subpoena or notice for Mr. Rodriguez.

I immediately called Scott Humphries, counsel for Subaru, requesting that this deposition be postponed. I advised him that I do not even have access to the file. I believe this to be the case also for Michael Avenatti. In a follow up e-mail, I offered to reschedule the deposition for May 6. Mr. Humphries later at 7:04 p.m. finally sent me a copy of the deposition subpoena and notice (first time I had seen it).

Importantly, the notice provides that it was served on Thursday, April 11—only two business days ago—by e-mail and U.S. mail to old Eagan Avenatti e-mail addresses. Based on my prior phone conversation with Mr. Humphries prior to April 11, Mr. Humphries was fully aware that these addresses were no longer any good. He sent them to these addresses anyway—and moreover, apparently purposefully did not provide notice to me at my new law firm address.

My position is that I am no longer counsel for Plaintiff by virtue of my departure from Eagan Avenatti in early March. I acknowledge that my name remains on the court docket, and I had notified Plaintiff's representatives that I would be filing a G-123 form to formally withdraw from the case. However, to protect Plaintiff's interests in the case, at their request, I agreed to hold off on filing the notice of withdrawal until they have determined who they want to represent them in the case going forward.

In sum, Defendant is proceeding with this deposition in bad faith. They have failed to provide proper notice. They have ignored my request to act in good faith by conferring with me on an appropriate schedule for the deposition. They will not provide me with the name of the witnesses's counsel. This is all clear gamesmanship designed to gain an unfair tactical advantage in the litigation.

Given this predicament, I request the following from the Court.

1.  An order of the Court postponing this deposition and rescheduling it for May 6th, or on a mutually agreeable date.

2.  A stay of all discovery and all dates listed on the scheduling order to give Plaintiff an opportunity to file a motion to modify the scheduling order on the grounds that current counsel is unable to adequately represent Plaintiff because counsel does not have access to the file and on the grounds that Plaintiff needs to locate replacement counsel.

3.  An emergency conference call at 9:00 a.m. tomorrow (prior to the planned start of the deposition), April 16th, to discuss this matter.

My apologies for raising this with the Court in an e-mail.  I unfortunately had no other choice because I did not know I needed to seek immediate relief from the Court until 7:04 p.m. when I received the e-mail from Mr. Humphries advising that they would be proceeding with the deposition.  Thank you for your attention.


Regards,


**Ahmed Ibrahim, Esq.**
**AI LAW**
4343 Von Karman Ave., Suite 250
Newport Beach, CA 92660
O:  (949) 266-1240
F:  (949) 266-1280
M:  (714) 925-6055
aibrahim@ailawfirm.com