Michael A. Bowse (SBN 189659)
mbowse@bowselawgroup.com
**BOWSE LAW GROUP**
801 S. Figueroa St., 25th Floor
Los Angeles, CA 90017
Phone/Fax: (213) 344-4700

Attorneys for Plaintiff ALPHA GRP.,
INC. d/b/a RED BULL GLOBAL
RALLYCROSS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHA GRP., INC. d/b/a RED BULL GLOBAL RALLYCROSS, a Delaware Corporation,<br><br>  Plaintiff,<br><br>vs.<br><br>SUBARU OF AMERICA, INC., a New Jersey Corporation<br><br>  Defendants | Case No.: 2:18-cv-02133-MWF<br><br>**ALPHA GRP., INC.'S OPPOSITION TO DEFENDANT SUBARU'S MOTION TO COMPEL**<br><br>Date: July 17, 2019<br>Time: 9:30 a.m.<br>Place: Crtrm. 550, 5th Floor<br>    Roybal Fed'l Build.<br>    255 E. Temple St.<br>    Los Angeles, CA 90012<br><br>Action Filed:  March 14, 2018 |

## I. INTRODUCTION

Subaru's motion is entirely unnecessary and badly misguided. There is no dispute between the parties regarding most of the substantive issues addressed in Subaru's motion. Thus:

- Plaintiff previously agreed to assign new Bates numbers to documents that were previously produced on its behalf by its prior counsel with duplicative Bates numbers.

- Plaintiff has already agreed to supplement its response to Subaru's Interrogatory No. 1 to identify the date, description and subject matter of the contracts not reduced to writing that are referenced in Paragraph 17 of plaintiff's First Amended Complaint.

- Plaintiff has also already agreed to supplement its responses to Subaru's Interrogatory Nos. 4-11 to specially identify the documents referred to only generally in its original response.

- Plaintiff and Subaru have also already agreed to determine and set mutually acceptable dates in August and September for the depositions of party and party-affiliated witnesses, including the 5 witnesses specifically identified in Subaru's motion.

Indeed, it appears that the ***only*** real disagreement between the parties is whether firm dates for completing these things (and for Plaintiff to serve written responses to Subaru's Second Set of Requests for Production of Documents) were agreed upon between counsel during a May 23, 2019 telephone call. Contrary to Subaru's contentions, no firm dates were agreed upon on May 23 because it was impossible at that time for Plaintiff to commit to firm dates for accomplishing these tasks – particularly dates as aggressive as Subaru contends were agreed upon.[1]

---

[1] As is explained in the accompanying Declaration of Michael A. Bowse, plaintiff does not believe that Subaru's misstatements are intentional. Decl. of Michael A.

When counsel for the parties discussed these matters on May 23, Plaintiff's counsel had been involved in this case for just **6 days**. Worse, because of the circumstances that required Plaintiff to retain new counsel (those circumstances, which include criminal indictments of Michael Avenatti and the appointment of a receiver to take possession of and hold the computer servers and other property of his law firm, Egan Avenatti, have been widely publicized), things like prior counsel's case file that would ordinarily be promptly provided to new counsel were unavailable. As a result, not only did Plaintiff's new counsel not have all of the documents and materials necessary to gain familiarity with the facts, issues and disputes in this case on May 23, he did not even know the volume of those materials or when he would gain access to them. No counsel would commit to firm deadlines for completing tasks like those at issue here under those circumstances. Plaintiff's counsel here certainly did not do so.

That does not, however, mean that Plaintiff or its counsel have been idle since May 23. Except for one three-week interruption the reasons for which are discussed below and in counsel's declaration (*see* Bowse Decl., ¶19), Plaintiff and its counsel have worked diligently to complete the work that needed to be completed before the supplemental interrogatory responses sought by Subaru could be compiled and before intelligent responses to Subaru's Second Set of Requests for Production of Documents could be drafted.

Some of that work has now been completed. Now that Plaintiff has been able to confirm the entire range of Bates numbers assigned to documents it has produced during discovery in this case, it has fixed the duplicative Bates numbering issue described in Subaru's motion (and produced corrected versions of those documents to Subaru). Likewise, now that Plaintiff's counsel has gained a working understanding of and familiarity with the legal and factual issues in this case,

---

Bowse filed concurrently herewith ("Bowse Decl."), at ¶14. Instead, it appears there was an honest miscommunication between counsel for the parties. *Id.*

1  Plaintiff has served written responses to Subaru's Second Set of Requests for
2  Production of Documents along with the document that lies at the center of the
3  issues to which those requests pertain.  Plaintiff anticipates that the remaining items
4  (supplemental responses to Subaru's Interrogatory No. 1, supplemental responses to
5  Subaru's Interrogatory Nos. 4-11 and identification of mutually agreeable dates for
6  depositions) will be completed before the hearing date on Subaru's motion.
7       In the event Subaru does not withdraw its motion (as Plaintiff has asked it to
8  do), the Court should deny it.

## II.   BACKGROUND

Plaintiff's current counsel first became involved in this case on May 17, 2019. Bowse Decl., ¶2; *see also* Dkt. No. 54 (Request for Withdrawal or Substitution of Attorney), filed May 16, 2019; Dkt. No. 56 (Order on Request for Withdrawal or Substitution of Attorney), entered May 17, 2019.  But, upon becoming involved, Plaintiff's counsel hit the ground running.  The same day he became Plaintiff's counsel of record, Plaintiff's attorney participated in two telephone conferences with counsel for Subaru to discuss discovery matters in this case.  Bowse Decl., ¶4. Although no substantive agreements were made at that time, those calls were both constructive and cooperative.  *Id.*

At the conclusion of that May 17 call, counsel for the parties agreed to speak again by telephone on May 23, 2019.  *Id.* ¶5.  Plaintiff's counsel hoped that by May 23, he would have a better understanding of the nature and scope of case materials available to him and when he would be able to acquire those case materials.  *Id.*

In the six days between May 17 and May 23, Plaintiff was able to provide its new counsel with case materials that were not in the exclusive possession of the court-appointed receiver for Egan Avenatti.  *Id.* ¶7.  In addition, counsel for Subaru kindly provided copies of the parties' written discovery requests and responses and the parties' document productions to Plaintiff's new counsel.  *Id.* ¶6.  However, because Plaintiff's counsel had only just obtained some of those materials by the

- 3 -
OPPOSITION TO SUBARU'S MOTION TO COMPEL

time the parties held their May 23 call, he had not yet been able to review them to determine what he had and what he yet did not have. *Id.* ¶7. Plaintiff's counsel made this clear to counsel for Subaru. *Id.* He also informed Subaru's counsel that because he still did not know how much material regarding the case existed, let alone when he would obtain access to it, it was not possible to estimate how long he would need to familiarize himself with those materials. *Id.* The same was true of counsel's ability to review and understand the discovery materials that Subaru had provided to Plaintiff's new counsel, since new counsel could only conduct a meaningful review of those materials after he possessed a reasonable understanding of the legal and factual issues in the case. *Id.* ¶8.

Despite these handicaps, during the May 23 call, Plaintiff's counsel did substantively discuss with counsel for Subaru <u>and reach agreement</u> upon a number of discovery-related issues that were primarily legal in nature. *Id.* at ¶9. Many of those issues upon which substantive agreements were reached between the parties are the same ones Subaru's motion to compel asks the Court to address. *Id.* However, because the parties have reached agreement on those issues, there is no reason for the Court to address them.

The agreements reached between the parties on May 23 were:

- Plaintiff would fix duplicative Bates numbering in its prior productions that Subaru had identified. *Id.* ¶11(a).
- Plaintiff would supplement its response to Subaru's Interrogatory No. 1 to identify the date, description and subject matter of the contracts not reduced to writing referred to in Paragraph 17 of plaintiff's First Amended Complaint. *Id.* ¶11(b).
- Plaintiff would supplement its responses to Subaru's Interrogatories 4 through 11 to specify the documents referred to in its original responses pursuant to Fed. R. Civ. Proc. 33(d). *Id.* ¶11(c).
- The parties agreed to work cooperatively to identify mutually

- 4 -
OPPOSITION TO SUBARU'S MOTION TO COMPEL

>acceptable dates in August and September for the depositions of party and party-affiliated witnesses (current and former), including Colby Rodriguez, Andrea Sobel, Jeff Swoboda, Alpha GRP's 30(b)(6) designee and Colin Dyne. *Id.* ¶11(d).

During that May 23 call, counsel also discussed Subaru's Second Set of Requests for Production of Documents to Plaintiff. *Id.* ¶12. The parties had previously agreed during their May 17 call that Plaintiff's responses to those requests would not be due on May 20 (30 days after they were served). *Id.* ¶12.

Counsel for the parties discussed timing with respect to all of these matters. *Id.* 13. The parties did not, however, set firm dates for any of these things because counsel for Plaintiff had not yet been able, in the six days he had been involved in the case, to obtain sufficient knowledge and familiarity with this case, its issues and discovery materials to appropriately protect Plaintiff's interests in connection with the things the parties had agreed upon. *Id.* ¶¶13, 15. Indeed, by May 23, Plaintiff's new counsel did not even know how much material he would need to review, let alone when he would gain access to it to conduct that review. *Id.* 15. As a result, counsel for Plaintiff represented that he would work diligently to provide the information and materials sought by Subaru but made clear that it was not possible to agree upon fixed dates at that time. *Id.*[2]

Although Plaintiff's new counsel worked quickly to (a) obtain and review as many of the pleadings, motions and other documents in the case file, (b) review the discovery requests and responses previously propounded and provided by the

---

[2] Counsel for Plaintiff did not receive the letter attached as Exhibit 16 to Subaru's motion. Bowse Decl., ¶16. Had he received or seen that letter (which is dated a full week after the parties' May 23 telephonic discussion), counsel would have informed Subaru that the letter did not accurately reflect the parties' May 23 discussion and reminded Subaru that it had been only 6 days since counsel became involved in the case, making the dates identified in the letter wholly unreasonable. *Id.*

parties, (c) review and become familiar with the approximately 54,000 pages of documents produced by the parties (and particularly the more than 51,000 pages of documents produced by plaintiff), and (d) research several legal questions relevant to understanding questions raised by defendant's discovery requests (*id.*, ¶17), interceding events interrupted those efforts.

During the week of June 3, counsel's wife experienced medical issues and underwent various tests during that week. *Id.* ¶19. The following week, counsel had a pre-planned camping trip in Oregon with his 11-year-old son. *Id.* Although counsel had intended to continue working on this matter while away, virtually non-existent telephone and internet access made that largely impossible. *Id.* Thereafter, it was discovered that the medical issues experienced by counsel's wife were more substantial and urgent than initially understood, requiring her to undergo surgery on June 18 and remain in the hospital until June 21. *Id.*

Despite this interruption, the duplicative Bates numbering issues were resolved on June 25 when Plaintiff produced ALPHA0051390-51419 to Subaru to replace documents that had previously been produced with duplicate bates numbers ALPHA0051340-51369. *Id.* ¶21. Likewise, Plaintiff also served written responses to Subaru's Second Set of Requests for Production of Documents on June 25, along with ALPHA0051420-51421, which are responsive to those requests for production. *Id.* ¶22. Plaintiff is also currently working to identify dates during mid- to late-August for depositions of the various witnesses identified in Subaru's motion to compel. *Id.* ¶23.

Although additional time will be required to identify the specific documents and information Subaru seeks in connection with its Interrogatory Nos. 1, 4-11, Plaintiff anticipates providing supplemental responses to those Interrogatories by July 12. *Id.* ¶¶24-25.

Despite being informed of these facts, Subaru has declined to withdraw its motion to compel or even to continue the hearing on its motion to allow Plaintiff to

devote its time and energy to providing the information and materials Subaru seeks, rather than to responding to this motion. *Id.* ¶25.

### III. SUBARU'S MOTION SHOULD BE DENIED

#### A. The Parties Have Already Reached Agreement On The Substantive Issues Addressed By Subaru's Motion

Although Subaru's motion purports to ask this Court to resolve substantive disputes between the parties regarding Bates numbering, Subaru's Interrogatories and deposition scheduling, there are no such disputes.

Plaintiff has rectified the Bates numbering issue raised by Subaru. It has also agreed to supplement its response to Subaru's Interrogatory No. 1. Plaintiff has also agreed to supplement its responses to Subaru's Interrogatories 4-11 to specify the documents referred to in Plaintiff's prior responses pursuant to Rule 33(d) in sufficient detail to enable Subaru to locate them. *See* Fed. R. Civ. Proc. 33(d)(1) (requiring responding party who invokes Fed. R. Civ. Proc. 33(d) to "specify[] the records … in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could"). Finally, the parties mutually agreed to work together to identify mutually agreeable dates for the depositions identified in Subaru motion, among others.

There is no need for the Court to address any of these topics, as there is no disagreement between the parties regarding them.

#### B. Plaintiff Has Not Violated Any Agreed-Upon Deadline For Providing the Materials and Information It Agreed To Provide

While there is disagreement between the parties regarding timing, there should not be any mystery regarding whose recollection and recitation accurately reflects the parties' discussions.

Subaru contends that, just 6 days after first becoming involved in this case and even while he was still in the dark as to (a) the volume of materials he would need to review to become familiar with the issues in this case, and (b) when he

would actually gain access to those materials, Plaintiff's new counsel agreed to (1) within just 8 days cause Plaintiff to serve a supplemental interrogatory response by which it likely would be bound at trial that specifies and describes agreements between Plaintiff and Subaru that were not reduced to writing, (2) within just two weeks cause Plaintiff to serve supplemental interrogatory responses that specify which documents among 51,000 pages of documents Plaintiff has produced in this case contain information sought by 7 separate interrogatories, and (3) within 2 weeks prepare and serve objections and responses to document requests regarding an assignment for benefit of creditors by Plaintiff, even though counsel would need to understand how (if at all) that assignment relates to the issues in this case to identify and draft appropriate objections that adequately protect Plaintiff's interests.

Even under normal circumstances, few attorneys would commit to perform such important and sensitive tasks just 2 or 3 weeks after replacing counsel in a case that has been pending for more than a year. But the circumstances in this case are not normal at all. Because of the circumstances surrounding Plaintiff's prior counsel –particularly the fact that prior counsel's computer servers (and along with them Plaintiff's case file) are no longer in the possession or control of prior counsel – Plaintiff's new counsel did not know how much time he would need to develop a sufficient understanding of and familiarity with the legal and factual issues in this case to (a) identify responsive documents, (b) ensure that any supplemental interrogatory responses Plaintiff provided were complete and not inadvertently prejudicial to Plaintiff's interests, or (c) identify which (if any) information concerning Plaintiff's assignment for benefit of creditors is actually relevant to the issues in this action and not subject to an appropriate objection under the facts of this case.

That the parties did not establish specific deadlines does not mean that Plaintiff is subject to no time restraints at all. Plaintiff must (and will) provide what it has promised within a reasonable period of time. But Plaintiff is doing precisely

- 8 -
OPPOSITION TO SUBARU'S MOTION TO COMPEL

that.[3]  There is no justification or need for any order by the Court.

### C. The Other Matters Raised In Subaru's Motion Are Premature

Subaru also seeks an order compelling Plaintiff to respond to Subaru's Second Set of Interrogatories and Third Set of Requests for Production of Documents. But Plaintiff's responses to those discovery requests are not yet due. If, after Subaru receives and reviews Plaintiff's response to those discovery requests, Subaru believes Plaintiff's responses are somehow inadequate, it must meet and confer with Plaintiff to attempt to informally resolve any disagreements between the parties regarding the adequacy of Plaintiff's responses. There is no such thing as a "preemptive" motion to compel.

### D. No Sanctions are Justified

Subaru's motion is entirely unnecessary. Plaintiff has already agreed to provide the materials and information sought by Subaru's motion and has worked diligently to provide them. Because there is no reason or basis to compel Plaintiff to do any of the things requested by Subaru's motion, there is certainly no reason to sanction Plaintiff.

## IV. CONCLUSION

For all the foregoing reasons, Subaru's Motion to Compel should be denied.

BOWSE LAW GROUP

Date: June 26, 2019

/s/ Michael A. Bowse
Michael A. Bowse

Attorneys for Plaintiff ALPHA GRP., INC. d/b/a RED BULL GLOBAL RALLYCROSS

---

[3] Because Plaintiff has not missed any deadline for serving its responses and objections to Subaru's Second Set of Requests for Production of Documents, it has not waived its right to assert appropriate objections. To the extent Subaru contends any of the limited objections Plaintiff asserted in its responses to those document requests are improper, Plaintiff will meet and confer with Subaru in an effort to resolve any such dispute by agreement.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 10 -
OPPOSITION TO SUBARU'S MOTION TO COMPEL