**BALLARD SPAHR LLP**
Scott S. Humphreys (SBN 298021)
 *humphreyss@ballardspahr.com*
2029 Century Park East, Suite 800
Los Angeles, CA  90067
Telephone:  424.204.4400
Facsimile:   424.204.4350

Neal Walters (Pro Hac Vice)
 *waltersn@ballardspahr.com*
210 Lake Drive East, Suite 200
Cherry Hill, NJ  08002
Telephone:  856.761.3438
Facsimile:   856.761.1020

Attorneys for Defendant,
SUBARU OF AMERICA, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHA GRP, INC. d/b/a RED BULL GLOBAL RALLYCROSS, a Delaware Corporation,<br><br>       Plaintiff,<br><br>       v.<br><br>SUBARU OF AMERICA, INC., a New Jersey Corporation,<br><br>       Defendant. | Case No. 2:18-CV-02133-MWF-MRW<br><br>**SUBARU OF AMERICA, INC.'s EX PARTE APPLICATION TO STRIKE PLAINTIFF'S EXPERT REPORT ON DAMAGES OR, IN THE ALTERNATIVE, AMEND SCHEDULING ORDER**<br><br>[Declaration of Neal Walters, Esq. and [Proposed] Order filed herewith]<br><br>Action Filed:    March 14, 2018<br>Pretrial Conf.:  June 1, 2020<br>Trial Date:     July 14, 2020 |

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA  90067-2909
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

# EX PARTE APPLICATION

Pursuant to Local Rule 7-19 and this Court's civil procedures, Defendant Subaru of America, Inc. ("Subaru" or "Defendant") respectfully submits this *Ex Parte* Application seeking an Order:

1.     Striking in its entirety the "Damages Report of Focus Advisory Services, LLC" which was served by Plaintiff, Alpha GRP, Inc. ("Alpha") on Friday, November 8, 2019.  The ten-page report – which claims improper and wholly speculative damages in a range of $657 million to $1.4 billion – abjectly fails to comply with the basic requirements of Rule 26(a)(2)(B) and should therefore be stricken pursuant to Rule 37.

2.     Alternatively, requiring Alpha to submit a revised expert report that fully complies with Rule 26(a)(2), and amending the Scheduling Order to permit Subaru time to both prepare a rebuttal report and conduct further fact discovery relevant to the facts and data considered by Alpha's damages expert.  Although permitting such an amendment would further countenance Alpha's continued protraction of a lawsuit that lacks any merit, if Alpha is permitted to submit a revised report, Subaru should be permitted to continue the deposition of Alpha's 30(b)(6) designee, its CEO, Colin Dyne.  Earlier, Mr. Dyne refused to answer fundamental questions regarding the factual bases for Alpha's supposed damages; he instead deferred to his expert, who has now failed to disclose that same information.

Subaru additionally requests that the Court enter an Order pursuant to Rule 37(a)(5)(A) and/or Rule 37(c)(1)(A) requiring Alpha to reimburse Subaru for the reasonable expenses, including attorneys' fees, incurred: (1) in making this *Ex Parte* Application; and (2) if further fact discovery is permitted, in conducting such discovery.  Subaru will submit documentation of those expenses and fees upon entry of an Order granting it such relief.

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

## Good Cause Exists to Grant this *Ex Parte* Application

Alpha served its expert report on Friday, November 8, 2019, and the deadline for Subaru to serve its rebuttal expert disclosures is December 10, 2019.[1] With that deadline fast approaching, Subaru cannot obtain the relief requested herein pursuant to a regularly-noticed motion and would be irreparably prejudiced if it were required to attempt to engage rebuttal experts to guess at the grounds for Alpha's expert's opinions, which are not set forth in its expert's damages report in violation of Rule 26(a)(2)(B). Subaru would also be substantially prejudiced by incurring the substantial cost of this ineffective exercise while a regularly-noticed motion is pending.

## Certificate of Notice (L.R. 7-19.1)

Counsel for the parties met and conferred with respect to the relief sought in this Application on Tuesday, November 12, 2019 but were unable to resolve the issues raised in this Application without Court intervention. Subaru understands that Alpha intends to oppose this Application. Pursuant to this Court's civil procedures, upon filing this *Ex Parte* Application with the Court, Subaru's counsel will immediately serve Alpha's counsel via e-mail with notice that opposition papers, if any, must be filed no later than 24 hours (or one court day) following such service. Alpha's counsel's contact information is:

> Michael A. Bowse
> BOWSE LAW GROUP
> 801 S. Figueroa St., 25th Floor
> Los Angeles, CA 90017
> Telephone/Fax:  213.344.4700
> E-mail:  mbowse@bowselawgroup.com

---

[1] The Court set an initial expert disclosure deadline of November 6, 2019, and rebuttal disclosure deadline of December 6, 2019 (Dkt. 73). Alpha requested, and Subaru agreed, to extend the deadline for Alpha to serve its expert report until Friday, November 8, with Subaru's rebuttal reports being due Tuesday, December 10, 2019.

SUBARU'S EX PARTE APPLICATION TO STRIKE PLAINTIFF'S EXPERT REPORT ON DAMAGES

Subaru understands that the Court usually does not set *ex parte* matters for hearing; however, given the extensive procedural history in this action, Subaru respectfully requests a hearing on the application.

This *Ex Parte* Application is based on this Application, the accompanying Memorandum of Points and Authorities and the Declaration of Neal Walters, Esq. ("Walters Decl.") filed herewith, the files and records in this action, any oral argument or other evidence presented in connection with this Application, and any other matters that may be considered by the Court.  A [Proposed] Order is submitted herewith.

Dated:  November 13, 2019

Respectfully submitted:

BALLARD SPAHR LLP

*/s/ Neal Walters*
Neal Walters
Scott S. Humphreys

Attorneys for Defendant,
Subaru of America, Inc.

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA  90067-2909
Telephone: 424.204.4400

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

# **TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT .................................................................... 1

II.     ARGUMENT ............................................................................................. 7

        A.      The Report Should Be Stricken Pursuant to Rule 37(c)(1). ............. 7

                1.      *Rule 37(c) Sanctions are "Self-Executing" to Prevent Abuse of the Rule 26 Disclosure Requirements* ...................... 8

                2.      *Alpha Cannot Carry Its Burden of Avoiding the Self-Executing Sanctions of Rule 37.* ............................................. 13

        B.      Alternatively, Alpha Should Be Ordered to Provide a Revised Expert Report that Complies with Rule 26, and the Scheduling Order Amended to Allow Subaru Discovery. .............. 16

        C.      Either way, Alpha Should Be Ordered to Reimburse Subaru for the Expenses, Including Fees, in Making this Application ........ 17

III.    CONCLUSION ....................................................................................... 17

SUBARU'S EX PARTE APPLICATION TO STRIKE PLAINTIFF'S EXPERT REPORT ON DAMAGES

# TABLE OF AUTHORITIES

**Cases**

*Bales v. Green*,
No. 16-106, 2018 U.S. Dist. LEXIS 49357
(N.D. Okla. Mar. 26, 2018)............................................................9, 14

*Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.*,
No. 07-222, 2009 U.S. Dist. LEXIS 36246 (M.D. Fla. Apr. 17, 2009)..............12

*Bridge Aina Le'a, LLC v. State Land Use Commc'n*,
No. 11-414, 2017 U.S. Dist. LEXIS 192484 (D. Haw. Nov. 21, 2017)...............9

*Capricorn Mgmt. Servs. v. Gov't Emps. Ins. Co.*,
No. 15-2926, 2019 U.S. Dist. LEXIS 123723 (E.D.N.Y. July 22, 2019)............8

*Ciomber v. Coop. Plus, Inc.*,
527 F.3d 635 (7th Cir. 2008)..........................................................6

*Cortes v. Kern Cty. Superintendent of Schs.*,
No. 18-909, 2019 U.S. Dist. LEXIS 130737 (E.D. Cal. Aug. 5, 2019)...............9

*Gen-Probe Inc. v. Becton Dickinson & Co.*,
No. 09-2319, 2012 U.S. Dist. LEXIS 189388 (S.D. Cal. Nov. 26, 2012)...........9

*Hill v. Koppers Indus.*,
No. 03-70, 2009 U.S. Dist. LEXIS 98798, 2009 WL 3246630
(N.D. Miss. Sept. 30, 2009) ..........................................................6

*Hoss v. UPS*,
No. 08-498, 2010 U.S. Dist. LEXIS 15168 (D. Idaho Feb. 20, 2010) ..............13

*Jang v. Sagicor Life Ins. Co.*,
17-1563-JGB-KKx, 2018 U.S. Dist. LEXIS 154049
(C.D. Cal. Sept. 10, 2018)............................................................17

*Lanard Toys, Ltd. v. Novelty, Inc.*,
375 F. App'x 705 (9th Cir. 2010) ....................................................14

*Little Butte Prop. Owners Water Ass'n v. Bradley*,
No. 17-162, 2018 U.S. Dist. LEXIS 70501 (E.D. Wash. Apr. 26, 2018).......9, 14

*Martino v. Kiewit N.M. Corp.*,
600 F. App'x 908 (5th Cir. 2015) ....................................................15

*Marugame v. Johnson*,
No. 11-00710, 2014 U.S. Dist. LEXIS 192641 (D. Haw. Oct. 8, 2014) ............9

*Montalvo v. Am. Family Mut. Ins. Co.*,
No. 12-2297, 2014 U.S. Dist. LEXIS 90192 (D. Ariz. July 1, 2014)...................9

*R & R Sails, Inc. v. Ins. Co. of the Pa.*,
673 F.3d 1240 (9th Cir. 2012).........................................................13

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

*Salgado ex rel. Salgado v. GMC*,
   150 F.3d 735 (7th Cir. 1998)........................................................8, 9, 14

*Sanchez v. Stryker Corp.*,
   No. 10-8832, 2012 U.S. Dist. LEXIS 62465 (C.D. Cal. May 2, 2012).............15

*Schneider v. Strote*,
   51 F. App'x 239 (9th Cir. 2002) .............................................................5

*Song v. Yao Bros. Gp., LP*,
   No. 10-4157, 2012 U.S. Dist. LEXIS 62235 (S.D.N.Y. May 1, 2012) ...............9

*Taylor v. N. Inyo Hosp.*,
   No. 15-cv-1607, 2017 U.S. Dist. LEXIS 23231 (E.D. Cal. Feb. 17, 2017) .......14

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
   259 F.3d 1101 (9th Cir. 2001).................................................7, 8, 13, 15

*Yi v. BMW of N. Am.*,
   No. 17-6467, 2018 U.S. Dist. LEXIS 230408 (C.D. Cal. May 24 2018).............6

**Federal Rules of Civil Procedure**

FED. R. CIV. P. 26...........................................................................passim

FED. R. CIV. P. 37...........................................................................passim

**Other Authorities**

6 MOORE'S FEDERAL PRACTICE
   § 26.23[2][b] (3d ed. 2019) ...........................................................5, 8, 14

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   PRELIMINARY STATEMENT

It has been nearly two years since Alpha's former attorney, Michael Avenatti, filed this lawsuit seeking unspecified "reliance" damages based on the allegation that Subaru breached an "oral promise" to participate in Alpha's GRC Rallycross Racing Series in 2018.  Early on, at the pleading stage, the Court granted Subaru's motion to dismiss the breach of oral contract and tortious interference claims, but declined to dismiss claims for promissory estoppel and fraud given Alpha's allegations that it relied on Subaru's alleged promise to run three cars in 2018 "in exchange for a lower price for participation in the 2018 series." (*See generally* Dkt. No. 20.)

Since then, the parties have engaged in substantial fact discovery, including nine depositions and the exchange of over one hundred thousand pages of documents.  During the course of discovery, which closed on October 31, 2019, Alpha repeatedly failed to respond to Subaru's requests and to produce witnesses for duly-noticed depositions, requiring Subaru to file two motions to compel and attend several telephonic conferences before Magistrate Wilner. (*See, e.g.*, Dkt. Nos. 44, 48, 53, 55, 59, 63, 68.)  Most recently, Alpha failed to issue any sort of response – neither an objection nor substantive answer – to interrogatories and requests for admission issued by Subaru, including interrogatories that asked Alpha to "[i]dentify all damages, if any that [it seeks] to recover from Subaru in this action."  (*See* Ex. D, Walters Decl. ¶ 5.)  Alpha also refused to provide information about damages during the deposition of its 30(b)(6) designee, its CEO, Colin Dyne.  Mr. Dyne refused to answer questions about the basis for and amount of its supposed damages, instead deferring entirely to Alpha's then-unidentified damages expert.  (*See* Ex. C, Walters Decl., Vol. II of Alpha 30(b)(6) Dep., at 218:14-222:9, 226:23-227:24, 230:22-231:5, 233:2-21, 276:21-278:12, 380:7-21.)

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

1    By way of example:

2        MR. HUMPHREYS:
3        Q. So in paragraph 65, "Alpha GRP alleges there's been damage by
         Subaru's conduct," sub 1 is "The loss of Subaru's commitment to
4        race three cars in the 2018 Series and the consideration Subaru
5        agreed to pay in connection with that agreement." Do you see that?

6        THE WITNESS:
7        A. Yes, I do.

8        ….

9        Q. What would be the amount of that loss?

10       MR. BOWSE:  Objection.  Calls for expert testimony,
11       work-product doctrine. Instruct not to answer.

12       MR. HUMPHREYS:
13       Q. Are you going to follow your attorney's instruction?

14       A. Yes.

15       ….

16       MR. HUMPHREYS:
17       Q.  Do you personally have an understanding of any loss related to
         Subaru as alleged in subparagraph 1 of 65?
18
19       MR. BOWSE:  Objection.  The question is vague. You can answer
20       that yes or no.

21       THE WITNESS:  Yes.

22       MR. HUMPHREYS:
23       Q.  What is your personal understanding of the loss suffered . . .
         as a result of the alleged lack of Subaru's commitment to participate
24       -- race three cars in the 2018 Series and the consideration Subaru
25       agreed to pay in connection with that agreement?

26       MR. BOWSE:  Objection.  The question is vague.  Calls for expert
27       testimony, attorney work-product doctrine.  Instruct not to answer.

28   (Ex. C at 217:6-218:23.)

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

2

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

Despite the lack of record evidence pertaining to damages, on November 8, Alpha served an expert report on damages by Philip Fier of Focus Advisory Services, LLC (the "Report"). In ten short pages,[2] without a single reference to any deposition transcripts and, by and large, without identification of source documents, Mr. Fier offers an improper and speculative opinion that Alpha suffered damages ranging from <u>between $657 million and $1.4 billion</u>. While the Report would fail under a *Daubert* analysis, it should be stricken now under Rule 37 for the more fundamental reason that does not comply with the mandatory disclosure requirements of Rule 26 by failing to provide the facts and data supporting the opinions.[3]

Mr. Fier ignored that mandate. As a result, it is unclear what facts or data he considered (let alone what he relied on). As important context, the following are examples of facts of record that would be critical to any expert's analysis of whether Alpha suffered any damages (let alone damages attributable to Subaru's alleged conduct), as contrasted to whether Alpha simply went out of business as a result of mismanagement and its own poor financial performance:

(i)     An independent Auditor's finding that Alpha's poor financial condition "raise[d] substantial doubt about the Company's ability to continue as a going concern" as of March 2017, before any of the conduct alleged in this action;

---

[2]     The Report, with all attachments (*e.g.*, Mr. Fier's *curriculum vitae*) is twenty pages. But the substance of the report is limited to nine pages and an introduction.

[3]     This is not a *Daubert* motion; it is a motion to strike the Report under Rule 37(c), which, as detailed in this Application, provides for such relief because the Report fails to comply with Rule 26(a)(2)(B). If the Report is not stricken – and if instead Alpha provides a new report from which Subaru and its expert can plausibly discern, in the first instance, the grounds for Mr. Fier's opinions – then Subaru will timely file a separate motion addressing substantive *Daubert* concerns. Those concerns are not yet ripe for consideration, and it is not necessary to explicate them in order to demonstrate the degree to which the Report deviates from the minimum requirements of Rule 26.

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

(ii)   Alpha's related contemplation of seeking an Assignment for the Benefit of Creditors (an "ABC") in March 2017, again, long before the conduct alleged in this action;

(iii)   the Audited Financial Reports for Alpha's performance in 2014-2016, and Unaudited Financial Reports for Alpha's performance in 2017, which acknowledge that the Company was losing substantially more than it made every year, and had total liabilities of more than $50 million at the end of 2017;

(iv)   Alpha's official filing for an ABC in April 2018, reflecting Alpha's official position that (1) it retained numerous debts that it had not paid for the 2017 race series, and was unable to meet financial obligations to many vendors necessary to run the series, and (2) among seven adverse events listed for the company's dissolution, Subaru was listed 3rd, behind Alpha's failure to secure Amazon "digital rights" and the notification by another car company sponsor, Honda (prior to Subaru's election to not participate) that Honda would not participate in the 2018 series which Alpha recognized "among other things, substantially reduced the series field size."

Incredibly, none of these items are referenced in the Report, let alone discussed in any way. This reflects the degree to which Alpha and its expert are operating in bad faith, and the extent to which they are prepared to mislead the Court.

These are just some examples to show the degree of omissions in the Report. With very limited exceptions, the Report does not identify *any* of the "facts or data" that Mr. Fier considered, despite the edicts of the Federal Rules of Civil Procedure. FED. R. CIV. P. 26(a)(2)(B)(i)–(ii). Instead, Mr. Fier states in the most general terms possible that he relied on his own expertise, Alpha's "internal records," and other unspecified documents and conversions with unidentified Alpha "executives" about unspecified topics. (*See* Report, at pp. 2, 4, Ex. A to Walters Decl.) He fails to specify which of the more than 125,000 pages of documents of record he looked at; which materials he considered that Alpha failed to produce in discovery; and which (if any) deposition transcripts he reviewed. Those documents and depositions are indisputably relevant to his opinions because

1  many of them address the financial condition, history, and future plans of the

2  company, and their absence from the Report speaks to a troubling game of "hide

3  the ball," in defiance of the Federal Rules of Civil Procedure.

4        As a result, Subaru is in the dark about Alpha's supposed $1 billion damages

5  claim, and cannot prepare a meaningful rebuttal to the Report, and will be

6  irreparably prejudiced if forced to do so.

7        The appropriate remedy is an Order striking the Report in its entirety.

8  The Rules expressly provide that a party who fails to provide information

9  required by Rule 26(a) is barred from using that information for *any* purpose.

10 *See* FED. R. CIV. P. 37(c)(1) ("If a party fails to provide information . . . as

11 required by Rule 26(a) . . . , the party is not allowed to use that information . . . to

12 supply evidence on a motion, at a hearing, or at a trial . . . ."). That remedy is

13 self-executing and automatic, and Alpha cannot carry its burden of proving that

14 striking the Report is not warranted.

15       No alternative to striking the report would fully remedy the prejudice that

16 Alpha has caused Subaru to suffer in responding to the Report and otherwise

17 defending the action. It is well-established that Subaru is not required to depose

18 Alpha's expert to learn the basic facts that he was obligated to disclose in the

19 first instance. *See* 6 MOORE'S FEDERAL PRACTICE § 26.23[2][b] (3d ed. 2019)

20 ("One reason for requiring detailed and complete expert witness reports is to

21 obviate the need to depose expert witnesses. A litigant in receipt of a complete

22 report is entitled to rely on its content without any need to depose the witness.").

23 Indeed, courts routinely reject the contrary assertion. *See, e.g.*, *Schneider v.*

24 *Strote*, 51 F. App'x 239, 240 (9th Cir. 2002) (rejecting district court's assertion

25 that deposition of expert could cure gross deficiencies in that expert's report, as

26 Rule 26(a)'s "reporting requirements, coupled with the enforcement provisions of

27 Rule 37(c)(1), were designed in part to make it unnecessary to depose experts at

28 all"); *Yi v. BMW of N. Am.*, No. 17-6467, 2018 U.S. Dist. LEXIS 230408, at *4-5

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

(C.D. Cal. May 24 2018) (holding that expert's failure to comply with Rule 26(a)(2)(B) stripped opposing party of the basic facts required to conduct such a deposition).  Indeed, "[t]he purpose of Rule 26(a)(2) is to provide notice to opposing counsel – ***before the deposition*** – as to what the expert witness will testify, and this purpose would be completely undermined if parties were allowed to cure deficient reports with later deposition testimony.  Allowing parties to cure a deficient report with later depositions would further undermine a primary goal of Rule 26(a)(2): to shorten or decrease the need for expert depositions." *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 642 (7th Cir. 2008) (citations and quotation marks omitted) (emphasis added); *see also Hill v. Koppers Indus.*, No. 03-70, 2009 U.S. Dist. LEXIS 98798, 2009 WL 3246630, at *2-3 (N.D. Miss. Sept. 30, 2009) ("[I]t is not proper federal practice that one can submit an incomplete expert report only to provide new opinions and/or new information during the deposition.  The deposition itself does not supplement the report.").

Alternatively, if the Court is disinclined to strike the Report, then the only seemingly plausible cure would be to require Mr. Fier to rewrite his entire report, but this time, in full compliance with Rule 26(a)(2), including a description of all facts and data that he considered in forming his opinions, as well as an indication of whether those facts and data are already in the record, or not.  This is critical. If Mr. Fier discloses, for example, that he considered facts and data that were not produced by Alpha in response to discovery requests or in accordance with Alpha's voluntary disclosure obligations, the inquiry would then turn to whether Alpha would be subject to further discovery sanctions.  For example, through interrogatories, Subaru asked Alpha to disclose the damages that it suffered, and the bases for those damages.  The same questions were posed during the deposition of Alpha's Rule 30(b)(6) corporate designee.  Nevertheless, in violation of its discovery obligations, Alpha has continually and steadfastly refused to provide that information.

Finally, it warrants note that granting Alpha the luxury of a "do-over" with respect to preparing an amended report – one that complies with the Rules – would result in substantial delay.  After receiving any such amended report, Subaru would need time to determine whether it has cured the shortcomings. More importantly, Subaru would then need time to: (1) determine the extent to which sanctions were appropriate for the non-disclosure of such information during fact discovery, *e.g.*, during the deposition of Alpha's corporate designee, who refused to answer questions about such matters; (2) perhaps move to re-open fact discovery, to probe evidence that was not timely disclosed pursuant to Alpha's discovery obligations; and (3) only thereafter prepare to issue its own rebuttal report and prepare for expert depositions.  This further delay (and expense and potential waste of judicial resources) demonstrates why such relief should not be granted to Alpha, and the expert report stricken due to Alpha's failure to comply with the Federal Rules.[4]

## II.   **ARGUMENT**

### A.   **The Report Should Be Stricken Pursuant to Rule 37(c)(1).**

Rule 26 provides that an expert report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them," and "the facts or data considered by the witness in forming them."  FED. R. CIV. P. 26(a)(2)(B)(i)-(ii).  Rule 37 "gives teeth to these requirements by forbidding the use at trial of any information required . . . by Rule 26(a) that is not properly disclosed."  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).  Specifically, Rule 37 provides: "If a party fails to provide information . . . as required by Rule 26(a)" (*e.g.*, if an expert report fails to disclose the facts and data considered, as required by Rule 26(a)(2)(B)(ii)), then

---

4    Subaru has already been forced to suffer delays and extra expense caused by the transition from Alpha's initial counsel, Michael Avenatti, to its current counsel of record. Subaru has also suffered the expenses associated with this Application.  Enough is enough.

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

"th[at] party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).

Taken together, these Rules promote timely production of appropriately detailed expert reports, "such that opposing counsel is not forced to depose an expert in order to avoid ambush at trial . . . ." *Salgado ex rel. Salgado v. GMC*, 150 F.3d 735, 741 n.6 (7th Cir. 1998); *see also* 6 MOORE'S FEDERAL PRACTICE § 26.23[2][b] (3d ed. 2019) ("One reason for requiring detailed and complete expert witness reports is to obviate the need to depose expert witnesses. A litigant in receipt of a complete report is entitled to rely on its content without any need to depose the witness."). When an expert issues a report lacking sufficient detail, this Court enjoys "particularly wide latitude" to preclude that expert's testimony under Rule 37(c)(1). *Yeti by Molly*, 259 F.3d at 1106. That discretion arises under Rule 37(c), which is "self-executing," "automatic," and designed "to provide a strong inducement for the disclosure of material." *Ibid.* (citation, quotation marks, and alterations omitted).

### 1.    *Rule 37(c) Sanctions are "Self-Executing" to Prevent Abuse of the Rule 26 Disclosure Requirements*

Because Rule 37(c) sanctions are "self-executing," courts routinely strike expert reports and preclude expert testimony based on experts' failure to disclose the information required by Rule 26(a)(2)(B). It is well-settled that "vague references to general items considered do not satisfy Rule 26(a)(2)(B)." *Capricorn Mgmt. Servs. v. Gov't Emps. Ins. Co.*, No. 15-2926, 2019 U.S. Dist. LEXIS 123723, at *21 (E.D.N.Y. July 22, 2019) (precluding expert report and related testimony because expert stated merely that he had "considered various documents and communications, . . . as well as deposition testimony," without specifically identifying the materials at issue). Because the Report in this case offers even less than that by neglecting to reference or address the substantial

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

1  deposition testimony in this case, the Report should be stricken.  *See id.*; *see also, e.g.*, *Cortes v. Kern Cty. Superintendent of Schs.*, No. 18-909, 2019 U.S. Dist. LEXIS 130737, at *5-6 (E.D. Cal. Aug. 5, 2019) (precluding testimony of experts who failed to disclose, *inter alia*, all facts and data considered when forming their opinions); *Little Butte Prop. Owners Water Ass'n v. Bradley*, No. 17-162, 2018 U.S. Dist. LEXIS 70501, at *19 (E.D. Wash. Apr. 26, 2018) (excluding testimony of experts who had not disclosed the facts or data they had each considered); *Bridge Aina Le'a, LLC v. State Land Use Commc'n*, No. 11-414, 2017 U.S. Dist. LEXIS 192484, at *16-25 (D. Haw. Nov. 21, 2017) (recognizing propriety of preclusion of expert report in which underlying facts and data are not disclosed, and holding that such deficiencies cannot be cured by an untimely supplemental report).[5]

This Court should follow suit.  Given the deficiencies in the Report, it would be "virtually impossible for [Subaru] to adequately prepare for [a deposition or for] cross-examination or to identify whether a rebuttal expert [is] necessary."  *Song*, 2012 U.S. Dist. LEXIS 62235, at *4; *see also Salgado*, 150

---

[5]      *See also Bales v. Green*, No. 16-106, 2018 U.S. Dist. LEXIS 49357, at *7 (N.D. Okla. Mar. 26, 2018) (precluding testimony because expert offered an opinion that was directly contradicted by the evidence of record, and because the expert, in violation of Rule 26(a)(2)(B), failed to cite any facts or data that he considered or that supported his opinion); *Marugame v. Johnson*, No. 11-00710, 2014 U.S. Dist. LEXIS 192641, at *6 (D. Haw. Oct. 8, 2014) (granting motion to exclude expert testimony because expert's vague references to "materials related to" an investigation of the underlying subject matter, "relevant witness deposition excerpts," and "relevant witness statements" did not adequately disclose the precise facts and data the expert considered); *Montalvo v. Am. Family Mut. Ins. Co.*, No. 12-2297, 2014 U.S. Dist. LEXIS 90192, at *18 (D. Ariz. July 1, 2014) (holding that expert disclosure was deficient it "failed to state with any specificity the information required by Rule 26(a)(2)(B)(i)-(vi)," as it did "not specify the full extent of the data relied upon in reaching [the expert's] opinions"); *Gen-Probe Inc. v. Becton Dickinson & Co.*, No. 09-2319, 2012 U.S. Dist. LEXIS 189388, at *20-22 (S.D. Cal. Nov. 26, 2012) (holding that experts in patent invalidity dispute could not testify about prior art not identified in their expert reports, as such prior art constituted "facts or data" that was subject to mandatory disclosure and, if not disclosed, exclusion); *Song v. Yao Bros. Gp., LP*, No. 10-4157. 2012 U.S. Dist. LEXIS 62235, at *3 (S.D.N.Y. May 1, 2012) (striking report because expert, among other things, referred to "explanations" provided by plaintiff without specifying "what those representations were, when they were made and in what form, or why" they were relevant to his opinions).

F.3d at 742 n.6 ("Expert reports must include 'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions.").

In his short, ten-page Report, Mr. Fier opines that Alpha would be valued somewhere between $657 million and $1.4 billion, and he further opines that Alpha's valuation is exactly equal to the "amount the Company has been damaged as a result of the wrongdoing . . . relating to the allegations of the First Amended Complaint." (Report at 11.) Incredibly, however, Mr. Fier points to no evidence of record supporting his opinions, and he does not identify the documents, deposition transcripts, or other facts or data that he considered when crafting those opinions. Instead, Mr. Fier avers generally that he "relied on [his own] industry expertise, internal Company documentation and source documents supplied to Plaintiffs by Defendants, as well as other documents produced in the action." (*Id.* at 2.) He also avers generally that he "used the actual financial history and forward-looking projections provided by the Company as the basis for [his] analysis," and that he questioned certain Company executives concerning the historical activities and projection assumptions and compared same to available public information to ensure that the Company's projections appeared reasonable." (*Id.* at 4.)

Those statements are insufficient. Nowhere in the report does Alpha's expert disclose the precise facts and data that he considered when forming his opinions (let alone those facts and data upon which he relied). As a result, Alpha has left Subaru in the dark. For example:

- Mr. Fier states in the Report that he relied on "internal Company documentation and source documents supplied to Plaintiffs by Defendants, as well as other documents produced in the Action" (*Id.* at p. 2) but does not identify any such documents by bates stamp, specific name, or otherwise.[6]

---

[6] Mr. Fier's reference to "Plaintiffs" adds to the confusion. There is only one Plaintiff in this action – Alpha. Insofar as Mr. Fier refers to undisclosed third-parties who retained him "to

(continued...)

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

- Mr. Fier also states that he "questioned certain Company executives" concerning the historical activities and projection assumptions and compared same to available public information" (*id.* at p. 4), but he never identifies these "executives" or the specific matters discussed. Were any of these unidentified individuals identified in Alpha's initial disclosures?  Were any deposed in the case?  Did they provide information to Mr. Fier contrary to what they said in their deposition under oath?  Did any of these individuals provide information to Mr. Fier that they should have provided in discovery in response to a relevant request?  In this regard, the expert's failure to identify these individuals (much less the complete failure to identify areas of the actual record) appears to be in bad faith -- a direct attempt to obscure and impede a real examination of the grounds of his report.  If these fundamental details are ever identified, plaintiff's adherence to its other discovery obligations must be examined.

- The Report contains an "Appendix" with six different "Tables" each containing financial information.  The Report does not identify any source documents, authors of source documents, or whether the documents were produced in discovery.  This is completely unacceptable.  More than 125,000 pages of documents have been produced, including many excel spreadsheets with different financial projections.  Here is just one example: Table 1 to the expert report states that "Revenues" for "Sponsorships" in 2017 were $2,462,000, with projections of $4,150,000 in 2018, $7,020,000 in 2019 and $11,772,000 in 2020.  (Report, at p. 17.)  In stark contrast, an Excel spreadsheet produced by Alpha in discovery, bates-stamped ALPHA00243, shows drastically different projected revenues of $1,050,000 in 2018, $5,200,000 in 2019, and $8,200,000 in 2020.  Which Excel file did the expert review, where did it come from, has it been produced in discovery, and what accounts for the huge differences in spreadsheets?  This is but one of expected dozens of potential discrepancies that would be revealed if and when Alpha's expert reveals what, if any, grounds exist for his opinions that likely could not be reconciled in a multi-day deposition.

---

(...continued)
evaluate [their] damages in connection **with their investments in Alpha**" (Report, at p. 2), his failure to disclose the materials he considered (or where they came from) leaves Subaru to guess what was considered, and more importantly who supplied it.

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

- The "Case Materials" listed on the last page of the report only identify three documents related to Alpha that were supposedly reviewed by the expert: an Excel spreadsheet dated October 17, 2017 and two PowerPoint presentations. (*See id.* at p. 20). Were these produced in discovery? Are these the Alpha financial documents upon which the expert relied? Are there others?

- The "Case Materials" merely cite the general website "https://finance.yahoo.com" as the purported source for data for ten companies that form the basis for Mr. Fier's valuation of Alpha, including "Formula One Group, World Wrestling Entertainment, Inc., Ultimate Fighting Championship Ltd." No mention is made of the specific facts and data hosted by Yahoo! that Mr. Fier considered, and no appreciation is shown for the fact that Yahoo! – an internet search engine – may have been used to find other, unidentified information.

Rule 26 requires so much greater a degree of specificity. Even with the scant detail outlined above, the Report's statements regarding facts and data amount to little more than that Mr. Fier looked at "some things," and spoke to "some people" about "some stuff." It strains credulity that Alpha's "expert" was unable to identify with specificity any of the facts or data that he considered, especially in light of the fact that: (1) more than 125,000 pages of documents have been produced by the parties and third-parties; (2) at least nine depositions have been taken; and (3) Alpha's 30(b)(6) witness refused to answer questions at deposition about damages. It is improper to force Subaru and its expert to sift through the sizeable record in an attempt to divine what documents Mr. Fier actually reviewed and the witnesses with which he actually spoke.

Without this information, Subaru cannot use any "facts" and "data" to test the so-called analyses in Mr. Fier's Report. Accordingly, the Report violates Rule 26(a)(2)(B) and must be stricken. *See, e.g.*, *Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.*, No. 07-222, 2009 U.S. Dist. LEXIS 36246, at *12 (M.D. Fla. Apr. 17, 2009) ("CCA did not provide the identities of all the individuals interviewed and consulted, or the substance of the discussions with identified and

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

1   unidentified individuals. This violates Rule 26(a)(2)(B)(ii).”); *Hoss v. UPS*, No.

2   08-498, 2010 U.S. Dist. LEXIS 15168, at *9 (D. Idaho Feb. 20, 2010) (“In this

3   case, neither [expert] adequately set[s] forth the information on which they relied

4   in their reports.  [One] does nothing more than list purported inactions by . . .

5   Plaintiff’s union representative, without citing any sources of information.

6   The only citation in the [other’s] Report is to the U.S. Department of Labor,

7   Bureau of Labor Statistics, as a source used in determining Plaintiff’s work-life

8   expectancy. This one citation lacks sufficient specificity to meet the requirements

9   of Rule 26(a)(2)(B)(ii).”).

### 2.   *Alpha Cannot Carry Its Burden of Avoiding the Self-Executing Sanctions of Rule 37.*

12   Alpha cannot escape the “automatic” sanctions of Rule 37(c) unless it

13   carries its burden of showing that the Report’s deficiencies are either substantially

14   justified or harmless.  *See R & R Sails, Inc. v. Ins. Co. of the Pa.*, 673 F.3d 1240,

15   1246 (9th Cir. 2012); *Yeti by Molly*, 259 F.3d at 1007.  Alpha cannot meet this

16   burden.  This case was filed nearly two years ago, the scheduling order has been

17   amended twice, and Alpha refused to provide testimony or discovery responses

18   concerning Alpha’s damages.  Instead, Alpha asserted that those grounds would

19   be set forth in the expert’s report.  (*See* Walters Decl., Ex. C, Vol. II of Alpha

20   30(b)(6) Dep., at 218:14-222:9, 226:23-227:24, 230:22-231:5, 233:2-21, 276:21-

21   278:12, 380:7-21.)  They were not.

22   There is no excuse (let alone justification) for Mr. Fier’s failure to abide by

23   the Rules of Civil Procedure.  He is an experienced expert witness who has

24   prepared reports in at least nine proceedings since 2014, two of which were in

25   federal court.  (*See* Report, at 16.)

26   Nor can Alpha prove that the failure to satisfy Rule 26(a)(2)(B) is harmless.

27   To determine whether the nondisclosure of the facts and data considered by Mr.

28   Fier was “harmless,” the Court may consider: “‘(1) [the] prejudice or surprise to

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

the party against whom the evidence is offered; (2) the ability of that party to cure that prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence."' *Taylor v. N. Inyo Hosp.*, No. 15-cv-1607, 2017 U.S. Dist. LEXIS 23231, at *14 (E.D. Cal. Feb. 17, 2017) (quoting *Lanard Toys, Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010)).  These factors favor Subaru, not Alpha:

- <u>Subaru will be prejudiced unless the Report is stricken.</u>  At the Rule 30(b)(6) deposition of Alpha's designee and CEO, Subaru repeatedly asked about the bases of Alpha's claims for damages, and Alpha refused to answer, deferring instead to its expert.  Now that fact discovery is closed, and Alpha's expert has failed to disclose the facts and data he considered, it appears those materials were not made part of the record.  This is precisely the sort of trial-by-ambush strategy that Rules 26(a) and 37(c) are designed to prevent.  *See Salgado*, 150 F.3d at 741 n.6.

- <u>It is too late for Alpha to cure that prejudice.</u>  Fact discovery is closed, and the time for Alpha to produce its expert's reports has come and gone.  At this juncture, Alpha cannot produce additional materials or supplement its expert report without seeking leave and/or moving to amend the existing Scheduling Order (Dkt. No. 73), which is disfavored.  *See Bradley*, 2018 U.S. Dist. LEXIS 70501, at *19-20 (holding that "the effect on the costs incurred by [the moving party] in conducting additional discovery and on the Court's need to manage its caseload is not harmless"); *Bales*, 2018 U.S. Dist. LEXIS 49357, at *7 (finding prejudice in failure to disclose facts and data upon which expert relied, and, because curing that prejudice would require amendment of scheduling order and attendant delay, precluding expert testimony); *see also* 6 MOORE'S FEDERAL PRACTICE § 26.23[2][a] (3d ed. 2019) ("[T]he mere fact that an expert's deposition is taken and the opposing party has the opportunity to inquire

14

into [matters] omitted from the expert's report . . . will not cure the omission in the report.").

- The failure to disclose the facts and data considered by Mr. Fier is evidence of Alpha's bad faith. During its Rule 30(b)(6) deposition, Alpha refused to disclose the nature of or basis for its damages. (*See* Walters Decl., Ex. C, Vol. II of Alpha 30(b)(6) Dep., at 218:14-222:9, 226:23-227:24, 230:22-231:5, 233:2-21, 276:21-278:12, 380:7-21.)  Alpha now continues with that strategy by continuing to refuse to reveal the facts and data that were supposedly considered by Mr. Fier, who opines without basis that Alpha suffered between $657 million and $1.4 billion in damages.  This sort of bad-faith trial tactic should not be countenanced.[7]

In short, Alpha and its expert have violated both the letter and the spirit of Rule 26(a)(2)(B).  Accordingly, the Report should be stricken as an "automatic" sanction under Rule 37(c), and Mr. Fier should be precluded from testifying either in opposition to Subaru's summary judgment motion or at trial.  While serious, this is the proper sanction.  *See Sanchez v. Stryker Corp.*, No. 10-8832, 2012 U.S. Dist. LEXIS 62465, at *7-8 (C.D. Cal. May 2, 2012) ("Rule 37(c) is explicitly designed to punish negligent or elusive behavior during discovery and to prevent any party from gaining an advantage as a result of discovery antics."); *see also Yeti by Molly*, 259 F.3d at 1106; *Sanchez*, 2012 U.S. Dist. LEXIS 62465, at *7-8 ("To argue that a Rule 37(c) sanction should be vacated (or reduced) because the prejudicial effect [to the non-movant] exceeds the prejudice that warranted the sanction essentially asks the Court to ignore Rule 37(c).").

---

[7]     It is not a defense, let alone a justification, that documents supposedly considered by Mr. Fier are either in Subaru's possession or, otherwise, in the public record. *See Martino v. Kiewit N.M. Corp.*, 600 F. App'x 908, 911 (5th Cir. 2015) (holding, with reference to documents that were not disclosed under Rule 26(a)(1)(A), that "even if a document is publicly available or in the opposing party's possession, a party must still disclose it . . . to provide notice of evidence central to its claims or defenses").

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

**B.  Alternatively, Alpha Should Be Ordered to Provide a Revised Expert Report that Complies with Rule 26, and the Scheduling Order Amended to Allow Subaru Discovery.**

In addition to or instead of the self-executing, automatic sanction provided by Rule 37(c), the Court "(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; . . . and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." FED. R. CIV. P. 37(c)(1).  Those other sanctions include: (1) "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence"; (2) "striking pleadings in whole or in part"; (3) "staying further proceedings until the order is obeyed"; (4) "dismissing the action or proceeding in whole or in part"; and (5) "treating as contempt of court the failure to obey any order . . . ."  *Id.* at § (b)(2)(A).

As set forth above, the appropriate sanction here is the "automatic" preclusion of Alpha's expert's Report and testimony.  However, should the Court determine that preclusion is not warranted, then Alpha should be ordered to produce within 14 days a new expert report that fully complies with Rule 26, and the Scheduling Order should be amended to:

1.  Provide a ten-day period within which Subaru would indicate to Alpha and the Court whether the Amended Report continues to suffer from these same Rule 26 deficiencies and if other discovery violations have been revealed from the Amended Report;

2.  Given that Alpha's expert substantially has failed to identify evidence of record, allow Subaru two-months to conduct any further fact discovery -- including written discovery or depositions -- concerning the factual bases upon which the amended report relies, including but not limited to a further deposition of Alpha's 30(b)(6) witness and any other "executives" with whom Alpha's expert

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

1  conferred in preparing his report, and Order that Alpha shall pay the

2  costs of any such additional depositions;

3       3.     Following the close of such additional fact discovery, require

4              Alpha's expert to appear for deposition; and grant Subaru at least

5              30 days thereafter to prepare and serve rebuttal report(s) to Alpha's

6              revised expert report;

7       4.     Given the dubious nature of Alpha's approach, continue the motion

8              cut-off date by at least four months to allow Subaru sufficient time to

9              file any *Daubert* and summary judgment motions and continue all

10             other pre-trial and trial deadlines.

11

12   **C.     Either way, Alpha Should Be Ordered to Reimburse Subaru
            for the Expenses, Including Fees, in Making this Application.**

13

14          No matter the sanction, if this application is granted, then Subaru

15   respectfully requests that the Court Order Alpha "to pay [Subaru's] reasonable

16   expenses incurred in making the motion, including attorney's fees."  FED. R. CIV.

17   P. 37(a)(5); *see Jang v. Sagicor Life Ins. Co.,* 17-1563-JGB-KKx, 2018 U.S. Dist.

18   LEXIS 154049, at *18 n.2 (C.D. Cal. Sept. 10, 2018) (recognizing that such

19   awards are mandatory if sanctions are ordered); *see also* FED. R. CIV. P.

20   37(c)(1)(A).  Subaru will provide the Court will documentation establishing such

21   reasonable expenses and attorneys' fees if the Court grants this application

22   **III.   CONCLUSION**

23          For the reasons set forth above, Subaru respectfully requests that the Court

24   grant this ex parte application and strike in its entirety Alpha's expert report on

25   damages or otherwise order alternative relief as sought herein.  Subaru further

26   requests that the Court Order Alpha to reimburse Subaru for all reasonable

27   expenses, including attorneys' fees, caused by Alpha's failure to comply with the

28   Federal Rules of Civil Procedure.

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

1

Dated:  November 13, 2019          Respectfully submitted by:

2

3                                  BALLARD SPAHR LLP

4                                   /s/ Neal Walters
                                   _____
5                                  Neal Walters
                                   Scott S. Humphreys
6

7                                  *Attorneys for Defendant,*
                                   *Subaru of America, Inc.*

8

9

10

11

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUBARU'S EX PARTE APPLICATION TO STRIKE PLAINTIFF'S EXPERT REPORT ON DAMAGES