Michael A. Bowse (SBN 189659)
mbowse@bowselawgroup.com
**BOWSE LAW GROUP**
801 S. Figueroa St., 25th Floor
Los Angeles, CA 90017
Phone/Fax: (213) 344-4700

Attorneys for Plaintiff ALPHA GRP., INC. d/b/a RED BULL GLOBAL RALLYCROSS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ALPHA GRP., INC. d/b/a RED BULL GLOBAL RALLYCROSS, a Delaware Corporation,

Plaintiff,

vs.

SUBARU OF AMERICA, INC., a New Jersey Corporation

Defendants

Case No.: 2:18-cv-02133-MWF

**PLAINTIFF'S RESPONSE TO DEFENDANT'S *EX PARTE* MOTION TO STRIKE EXPERT REPORT ON DAMAGES; DECLARATION OF MICHAEL A. BOWSE IN SUPPORT THEREOF**

Action Filed: March 14, 2018

## I. INTRODUCTION

Defendant's *ex parte* motion is legally unsound and factually baseless. But what is more important right now is that it is grossly unfair. Plaintiff cannot reasonably be expected to competently respond to a 17-page motion that seeks a remedy as significant as prohibiting Plaintiff from offering expert testimony on damages in a handful of hours.

Even with respect to Defendant's proposed alternative order – an order directing Plaintiff to provide a supplemental report and adjusting the case schedule to accommodate that (in addition to other relief) – Plaintiff should be allowed more time to respond. Plaintiff has already informed Defendant that, while Plaintiff strongly disagrees with Defendant's assertion that the report of Plaintiff's expert somehow fails to satisfy the requirements of Rule 26, Plaintiff is willing to have its expert provide supplemental information and to allow Defendant additional time to provide its rebuttal report. To that end, when counsel for the parties talked by telephone on Tuesday, counsel for Plaintiff asked Defendant to identify the additional information Defendant wanted, but no clear itemization of the desired information was provided. (Nor did Defendant disclose that it would seek to re-open any fact depositions – indeed, the deposition of Colin Dyne was not even mentioned). Plaintiff remains willing to make such a compromise, but does not believe that an order directing the issuance of a supplemental report is warranted (particularly without Plaintiff having an adequate opportunity to defend the adequacy of the existing expert report).

Accordingly, Plaintiff asks that the Court schedule a hearing on Defendant's motion – even on shortened time if necessary – and allow Plaintiff reasonable time to prepare and file a written response to Defendant's *ex parte* motion. Alternatively, Plaintiff asks the Court to direct the parties to meet and confer regarding (1) what additional information, precisely, Defendant wants from Plaintiff's expert, and (2) an appropriate adjustment of the existing expert disclosure and discovery schedule

to allow Defendant additional time to address any supplement to the report of Plaintiff's expert.

## II. IT WOULD BE FUNDAMENTALLY UNFAIR TO DECIDE DEFENDANT'S MOTION TO EXCLUDE PLAINTIFF'S EXPERT ON AN *EX PARTE* BASIS

Even under ordinary circumstances, applications for *ex parte* relief are "inherently unfair" and "pose a threat to the administration of justice" because "the parties' opportunities to prepare are grossly unbalanced." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). The opposing party "can rarely make its best presentation" on the short notice accompanying an ex parte application. *Id.* at 491. That is doubly true here, making it particularly unfair to decide Defendant's motion to strike on an *ex parte* basis.

Defendant filed its *ex parte* motion at 7:10 p.m. on Wednesday, November 13. At that time, Plaintiff's counsel was working on an appellate brief in a different matter that had to be filed by Friday, November 15. Decl. of Michael A. Bowse, ¶3. Although counsel submitted a streamlined request to extend the deadline for filing that appeal brief shortly after receiving Defendant's *ex parte* motion (Bowse Decl., Ex. A), given the hour Defendant filed its motion, the requested extension was not granted until late on the next morning. Bowse Decl., Ex. B. As a result, Plaintiff was unable to even ***begin*** working on its response to this *ex parte* motion until just 9 hours before the response had to be filed. 9 hours is simply not sufficient time to respond to Defendant's ***17-page*** motion..

Accordingly, Plaintiff asks that the Court schedule a hearing on Defendant's motion – even on shortened time if necessary – and allow Plaintiff reasonable time to prepare and file a written response to Defendant's *ex parte* motion.

## III. PLAINTIFF'S EXPERT REPORT COMPLIES WITH RULE 26

F.R.C.P. 26 requires an expert report to contain 6 pieces of information:

1. "A complete statement of all opinions the witness will express and the basis and reasons for them;"

2. "The facts or data considered by the witness in forming them"

3. "Any exhibits that will be used to summarize or support them;"

4. "The witness's qualifications, including a list of all publications authored in the previous 10 years;"

5. "A list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition;" and

6. A statement of the compensation to be paid for the study and testimony in the case."

The report of Philip Fier, Plaintiff's expert on damages, does all of these things. Defendant's main complaint seems to be that Mr. Fier's report does not cite to Bates numbers or other identifiers in the record for the facts that support his conclusions. But Rule 26 does not require that. *See Bioriginal Food & Sci. Corp. v. Biotab Nutraceuticals, Inc.,* No. 213CV05704CASEX, 2015 WL 10733384, at *3 (C.D. Cal. Aug. 24, 2015) (Bates citations not required for expert reports). It requires only that the report identify the ***facts*** and data relied upon, not their specific source.

Defendant's other complaints are also wrong. For example, Defendant complains that Plaintiff's 30(b)(6) witness "refused to disclose the nature of or basis for its damages." Motion at 15:4-5. Not so. Plaintiff merely objected to Defendant's effort to examine a lay witness about a topic that was specifically within the purview of its retained expert. That was wholly appropriate. *See Dagdagan v. City of Vallejo*, 263 F.R.D. 632, 636 (E.D. Cal. 2009) (questions in 30(b)(6) deposition that called for expert opinions were improper and properly objected to). Moreover,

Likewise, Defendant argues that Mr. Fier's report does not address several "facts of record" that Defendant claims are "critical to any expert's analysis".

Motion at 3:11-4:17. But several of those "facts" are not facts at all and, in any event, all of them are things Defendant can question Mr. Fier about at deposition to challenge his opinions and conclusions.

## IV. PLAINTIFF HAS ALREADY AGREED TO PROVIDE A SUPPLEMENTAL REPORT IF DEFENDANT WILL SPECIFY WHAT SUPPLEMENTAL INFORMATION IT SEEKS

Yet another reason why the Court should reject Defendant's *ex parte* motion is that it serves no purpose. When counsel for the parties talked by telephone regarding Defendant's challenge to the sufficiency of Mr. Fier's expert report, Plaintiff explained that, although it strongly disagreed with Defendant's criticisms of the report, Plaintiff saw no reason to litigate the issue. If Defendant wanted to receive information that normally would obtain through a subpoena and deposition of Plaintiff's expert in the form of a supplemental report instead, Plaintiff was willing to provide it in that format. That remains true.

Since entry of an order directing Plaintiff's expert to provide a supplemental report would be unfair absent Plaintiff having a meaningful opportunity to respond to Defendant's criticisms of the existing report, the better course is for the Court to direct the parties to meet and confer and, assuming agreement is reached, to submit a stipulation and proposed order to the Court.

BOWSE LAW GROUP

Date: November 14, 2019

/s/ Michael A. Bowse

Michael A. Bowse

Attorneys for Plaintiff ALPHA GRP., INC. d/b/a RED BULL GLOBAL RALLYCROSS

I, Michael A. Bowse, declare as follows:

1. I am an attorney at law, licensed to practice in the State of California and before this Court. I am counsel for Plaintiff ALPHA GRP, Inc. in this matter. I make the following declaration based upon my own personal knowledge.

2. On Tuesday, November 12, 2019, I spoke by telephone with counsel for Defendant Subaru of America, Inc. regarding the expert report of Philip Fier, which had been served on Defendant the previous week. During that telephone call, counsel for Defendant described criticisms of Mr. Fier's expert report – primarily that the report did not specify the identity of the witnesses to whom Mr. Fier had spoken and did not specify the Bates numbers of documents Mr. Fier had relied upon to form his opinion. I explained that I did not believe these were valid criticisms of the report but that I would prefer to simply provide that information rather than expend time and resources on litigating the issue. I asked Defendant to provide a complete list of each of the categories of information Defendant would like to receive. No more was forthcoming.

3. I received Defendant's *ex parte* Motion shortly after 7:00 p.m. on Wednesday, November 13, 2019. At the time, I was working on working on an appellate brief in a different matter that, at the time, had to be filed by Friday, November 15. Because I knew I could not complete that appellate brief while also drafting a response to Defendant's *ex parte* motion in this case, I submitted a streamlined request to extend the deadline for filing that appeal brief shortly after receiving Defendant's ex parte motion. (A true and correct copy of that streamlined request is attached hereto as Exhibit A.) However, given the time I submitted the request for an extension (a consequence of the time Defendant filed its motion), the requested extension was not granted until late on the morning of November 14. (Attached hereto as Exhibit B is a true and correct copy of the ECF notification that the streamlined request was granted.) As a result, I was unable to even begin

working on this response to Defendant's *ex parte* motion until just 9 hours before it had to be filed.

4. 9 hours proved to be far from sufficient time to prepare an intelligent, comprehensive response to Defendant's 17-page *ex parte* motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 14th day of November 2019, at Los Angeles, California.

/s/ Michael A. Bowse .
Michael A. Bowse