Michael A. Bowse (SBN 189659)
mbowse@bowselawgroup.com
**BOWSE LAW GROUP**
801 S. Figueroa St., 25th Floor
Los Angeles, CA 90017
Phone/Fax: (213) 344-4700

Attorneys for Plaintiff ALPHA GRP., INC. d/b/a RED BULL GLOBAL RALLYCROSS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHA GRP., INC. d/b/a RED BULL GLOBAL RALLYCROSS, a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SUBARU OF AMERICA, INC., a New Jersey Corporation<br><br>Defendants | Case No.: 2:18-cv-02133-MWF<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S *EX PARTE* MOTION TO STRIKE EXPERT REPORT ON DAMAGES**<br><br>Action Filed:   March 14, 2018 |

## I. INTRODUCTION

Defendant Subaru of America's motion to strike the report of Plaintiff Alpha GRP's damages expert is legally unsound and factually baseless. Indeed, Subaru's motion is utterly detached from reality.

The report of Alpha's damages expert, Philip Fier and Focus Advisory Services, LLC, complies with every requirement of Fed. R. Civ. Proc. 26(a)(2). To satisfy the Rule, an expert report need only contain 6 things:

- A statement of the expert's opinions and the reasons for them;
- The facts and data considered in forming the expert's opinions;
- Any exhibits that will be used to summarize and support the opinions;
- A description of the expert's qualifications and publications;
- A list of cases in which the expert testified in the last 4 years; and
- A statement of the expert's hourly fees.

Fed. R. Civ. Proc. 26(a)(2)(B)(i)-(vi). These requirements do not obligate experts to prepare exhaustive, minutely detailed written reports. Instead, they merely require expert reports to contain enough to prevent an opposing party from being unfairly surprised by an undisclosed or vaguely disclosed opinion. *See, e.g., Heller v. D.C.*, 801 F.3d 264, 270 (D.C. Cir. 2015). Mr. Fier's report does that and more.

It is notable that, for all of its bluster, Subaru's motion contends that Mr. Fier's report is missing just 2 pieces of information: (1) the Bates numbers of documents that contained the "facts or data" Mr. Fier considered and (2) the names of Alpha employees with whom Mr. Fier spoke to obtain or clarify the "facts or data" he considered in forming his opinions. *Ex Parte* Motion (Dkt. No. 74) at 10-12. But the simple fact is that neither of those are among the 6 things that Rule 26(a)(2)(B) requires expert reports to contain. "Facts or data" means "facts or data," not "facts or data, plus the underlying source material and witness identities." Rule 26(b)(4)(a) expressly permits Subaru and any other party who wishes to drill down to such level of detail to do so by conducting depositions and other discovery of

opposing experts. Fed. R. Civ. Proc. 26(b)(4)(A). If Rule 26 meant to require every expert report to contain the information Subaru seeks, it would say so. It does not.

Subaru's other contentions – that Alpha refused to answer questions about its damages during the discovery period – are both factually wrong and legally irrelevant. Alpha and its deposition witnesses *did* answer Subaru's inquiries about Alpha's damages except to the extent those inquiries sought information protected from discovery. But more importantly for this Motion, a motion to strike or exclude an expert report is authorized only for a party's "fail[ure] to provide information or identify a witness as required by Rule 26(a) or (e)," Fed. R. Civ. P. 37(c)(1). If Subaru actually believes that Alpha or its witnesses failed to answer questions put to them in depositions or other discovery that they should have answered, its remedy is to file a motion to compel, not to seek an order striking Alpha's expert report. *See* Fed. R. Civ. Proc. 37(a)(3)(B) (authorizing motion to compel for failure to answer questions at deposition or answer interrogatories); *see also* Fed. R. Civ. Proc. 37(b)(2)(A)(ii) (authorizing evidentiary sanctions in connection with answers at deposition and to written discovery only for violation of prior court orders).

Even though Subaru's assertions regarding Mr. Fier's expert report on damages are not supported by the facts and are inconsistent with the plain language of Rule 26(a)(2), Alpha indicated during the parties' pre-motion conference that it was willing to cause Mr. Fier to supplement his written report and to also allow Subaru additional time to provide a rebuttal report from its own damages expert. Although Alpha made that offer in an effort to avoid the burden and expense of avoidable motion practice and even though it has now incurred that burden and that expense, it nevertheless remains willing to provide a supplemental expert report and to allow Subaru some additional time for its rebuttal report. However, because Mr. Fier's expert report on damages complies with Rule 26(a)(2), that can and should be done only by agreement of the parties and not by Court order.

Accordingly, the Court should either direct the parties to meet and confer regarding a schedule for supplementing Mr. Fier's report on damages and for the disclosure of Subaru's rebuttal report on damages or it should deny Subaru's motion. Certainly, there is no basis for an order striking the report of Alpha's damages expert as Subaru requests.

## II. THE REPORT OF ALPHA'S DAMAGES EXPERT COMPLIES WITH RULE 26(a)(2)

### A. Mr. Fier's Report States His Opinions, The Reasons For Them, And The Facts And Data He Considered In Forming His Opinions

Subaru's motion fundamentally misstates and misunderstands Rule 26(a)(2)(B). That Rule lists 6 things that an expert's written report must include.[1] However, **neither** of the things Subaru argues Mr. Fier's report should include (document Bates numbers and names of people at Alpha with whom Mr. Fier spoke) are on that list. Nor are they fairly encompassed by any of the 6 subparts of Rule 26(a)(2)(B).

The purpose of Rule 26(a)(2)'s requirements regarding the provision of written reports from experts is to put the other side on "notice of the substance of the expert's testimony." *Liguori v. Hansen*, 752 F. App'x 389, 392 (9th Cir. 2018). Providing notice of the substance of an expert's intended testimony ensures that the opposing party will not be "unfairly surprised" at trial by opinions that were not previously disclosed. *Heller*, 801 F.3d at 270.

---

[1] Specifically, it requires the report to contain: (i) "A complete statement of all opinions the witness will express and the basis and reasons for them;" (ii) "The facts or data considered by the witness in forming them;" (iii) "Any exhibits that will be used to summarize or support them;" (iv) "The witness's qualifications, including a list of all publications authored in the previous 10 years;" (v) "A list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition;" and "A statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. Proc. 26(a)(2)(B)(i)-(vi).

Here, Subaru does not contend that Mr. Fier's written report fails to identify his opinions. Nor does Subaru contend that the report describes Mr. Fier's opinions too vaguely. Nor does Subaru argue that the report omits the facts and data that Mr. Fier considered in forming the opinions expressed in his report. Instead, Subaru's sole contention is that the report must, but does not, specifically identify the **sources** of the facts and data that Mr. Fier considered in forming his opinions. But Rule 26(a)(2)(B) contains no such requirement.

Indeed, the D.C. Circuit's recent decision in *Heller v. D.C.* makes clear the distinction between the "facts or data" that an expert considered and the sources of those "facts or data." *Heller* found that, because the expert report in that case contained a statement of the opinions the expert would express at trial and described the reasons for those opinions, it satisfied Rule 26(a)(2)(B) and could not be stricken. *Heller*, 801 F.3d at 270-71. Notably, the only statement in that report regarding the **source** of the information the expert relied upon to form his opinions was that the "report was based 'on my experience, my review of numerous studies and books, the District of Columbia's firearms laws and regulations, and discovery materials from this case made available to me….'" *Id.* at 271. That, however, did not make the report deficient under Rule 26 because the Rule contains no provision requiring detailed information regarding sources of facts or data considered. Instead, the court in *Heller* found that the expert report at issue there satisfied the Rule because it contained the things specified by the Rule. *Id.* Any additional information the opposing party felt it needed could be obtained by deposing the expert. *Id.*

Courts in the Ninth Circuit have likewise rejected litigants' efforts to overstate and misrepresent Rule 26(a)(2)'s requirements. Thus, Judge Houston explained that "an expert is not required to 'recite each minute fact or piece of scientific information that might be elicited on direct examination to establish the admissibility of the expert opinion under Daubert.'" *Single Chip Sys. Corp. v.*

*Intermec IP Corp.*, 495 F. Supp. 2d 1066, 1075 (S.D. Cal. 2007) (Houston, D.J.) (quoting *McCoy v. Whirlpool Corp.*, 214 F.R.D. 646, 652 (D.Kan.2003)). Judge Ware has similarly made clear that Rule 26 does not require expert reports to contain detailed identifications of witnesses or documents. *Applied Materials, Inc. v. Advanced Micro-Fabrication Equip. (Shanghai) Co.*, No. C 07-05248 JW, 2009 WL 3429575, at *3 (N.D. Cal. Oct. 22, 2009) (rejecting motion to strike what defendant claimed were "bare-bones opening expert reports")

Subaru's arguments here are inconsistent with these authorities as well as the plain language of Rule 26. Subaru's main complaint seems to be that Mr. Fier's report does not cite Bates numbers or other specific identifiers for the documents from which he obtained the facts and data relied upon in his report. But Rule 26 does not require expert reports to identify materials considered by the expert by Bates number or any other identifier. *Bioriginal Food & Sci. Corp. v. Biotab Nutraceuticals, Inc.,* No. 213CV05704CASEX, 2015 WL 10733384, at *3 (C.D. Cal. Aug. 24, 2015) (Snyder, D.J.) (Bates-number citations to documents not required for expert reports). Subaru's secondary complaint – that Mr. Fier's report does not name the Alpha executives with whom he spoke to obtain the facts and data identified in his report – is equally meritless. There is no requirement in Rule 26 that expert reports identify the particular individuals the expert spoke to or from whom he obtained facts and data pertinent to his opinions. *Stacy v. PPC Transportation Co.*, No. 4:11-CV-4018, 2013 WL 12171870, at *3 (W.D. Ark. Feb. 19, 2013) ("The expert disclosure requirements of Fed. R. Civ. P. 26(a)(2) do not require disclosure of each specific witness that an expert relies on.")

Rather, the Rule requires only that the report identify the ***facts or data*** relied upon, not their specific source. Indeed, as the Advisory Committee Notes explain, the 2010 amendments to Rule 26 ***narrowed*** the expert disclosure requirement by eliminating language that required expert reports to identify the "data or other information" considered by an expert and replacing it with the current requirement

that expert reports reflect the "facts or data" considered. Advisory Committee Notes to 2010 Amendments of Fed. R. Civ. P. 26 ("The amendments to Rule 26(a)(2) … *limit* the expert report to facts or data (rather than "data or other information," as in the current rule) considered by the witness." (emphasis added)). Bates numbers and witness names are not "facts or data" considered by experts to form their opinions. They identify the places where "facts or data" may be found. Nothing in the current version of Rule 26 requires expert reports to contain any information about the sources of facts or data, let alone information as detailed as Subaru claims Alpha was required to provide.

Indeed, it is notable that the only "authority" Subaru cites for its claims that expert reports must identify by name the people with whom the expert spoke and must specify the documents from which facts or data described in the report were obtained are two unpublished cases decided *before* the 2010 amendments to Rule 26. *See Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.*, No. 607-CV-222-ORL-35KRS, 2009 WL 1043974 (M.D. Fla. Apr. 17, 2009); *Hoss v. United Parcel Serv., Inc.*, No. CV 08-498-N-BLW, 2010 WL 672743 (D. Idaho Feb. 20, 2010) (describing Rule as requiring disclosure of "the information or data" on which expert relied).[2] Even assuming those decisions accurately applied the pre-2010 version of Rule 26(a)(2), they certainly are not consistent with the post-2010 version of the Rule.

In short, Mr. Fier's report does everything that Rule 26(a)(2)(B) requires. The different and additional requirements Subaru's motion seeks to impose are simply not found in Rule 26.[3]

---

[2] The 2010 amendments to Rule 26 did not become effective until December 1, 2010.

[3] Subaru also complains that Mr. Fier's report does not address certain "facts of record" that Subaru claims are "critical to any expert's analysis". Motion at 3:11-4:17. But several of those "facts" are not facts at all and, in any event, all of them

### B. Subaru's Other Arguments Have Nothing To Do With Whether Mr. Fier's Report Meets The Requirements of Rule 26(a)(2)(B) And, In Any Event, Are Wrong

Subaru's remaining arguments do nothing to justify an order striking Mr. Fier's expert report. Not only are those additional arguments wrong as a factual matter, they are irrelevant as a legal matter.

Thus, Subaru complains that Alpha's 30(b)(6) witness, Colin Dyne, "refused to disclose the nature of or basis for its damages." Motion at 15:4-5. Not so. In fact, Mr. Dyne answered all of the questions put to him about damages other than those that sought to learn the dollar amount of Alpha's damages, which were then being calculated by Alpha's damages expert, who had not yet been disclosed or designated. Deposition of Colin Dyne, Vol. II (Bowse Decl., Ex. A) at 217:6-227:6, 276:3-16, 365:20-367:20; see also *id.* at 219:10-23 (colloquy among counsel clarifying that Mr. Dyne would be instructed not to testify as to the calculated amount of Alpha's damages (which are opinions of Alpha's expert), but would answer questions seeking the categories or components of Alpha's damages and the facts regarding those categories). Alpha's objections to such questions were wholly appropriate. *See Dagdagan v. City of Vallejo*, 263 F.R.D. 632, 636 (E.D. Cal. 2009) (questions in 30(b)(6) deposition that called for expert opinions were improper and properly objected to).[4]

---

are things Defendant can question Mr. Fier about at deposition in an effort to challenge his opinions and conclusions. In any event, this contention by Subaru has nothing to do with Fed. R. Civ. Proc. 26(a)(2)(B).

[4] Calculating Alpha's damages necessarily involves "specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c). For precisely that reason, "[c]ourts do not permit lay witness testimony when that testimony involves the use of a sophisticated damages calculation." *Joshua David Mellberg LLC v. Will*, 386 F. Supp. 3d 1098, 1108 (D. Ariz. 2019). As the expert report of Mr. Fier demonstrates, the damages figure Alpha intends to prove at trial has been calculated using sophisticated methodologies involving data points not only from Alpha's internal

Indeed, Subaru's effort to obtain testimony from Alpha as to the amount of its damages was also improper because it came before Alpha was required to disclose the identity and opinions of its damages expert. Subaru could not have deposed or questioned plaintiff's damages expert regarding the amount or calculation of Alpha's damages before the deadline for expert disclosures. Fed. R. Civ. Proc. 26(b)(4)(A). It likewise cannot perform an end run around that prohibition by posing such questions to Alpha or its representatives in deposition or otherwise. *Gorrell v. Sneath*, 292 F.R.D. 629, 633 (E.D. Cal. 2013) (parties may not discover opinions held by opposing party's experts prior to date for expert disclosures, whether by deposition or interrogatories); *Finjan, Inc. v. ESET, LLC*, No. 17CV183 CAB (BGS), 2018 WL 4772124, at *4 (S.D. Cal. Oct. 3, 2018) (party could not be required to disclose opinion or analysis of its expert in response to interrogatory prior to expert disclosure deadline); *Montgomery v. Wal-Mart Stores, Inc.,* No. 12CV3057-JLS (DHB), 2015 WL 11233384, at *4 (S.D. Cal. July 17, 2015) (plaintiff "should not be required include expert opinions in his interrogatory responses.") Put simply, prior to the deadline for expert disclosures, Subaru could not require Alpha (through its 30(b)(6) representative) to summarize the preliminary or anticipated conclusions of its damages expert. Yet that is precisely what Subaru's questions to Mr. Dyne would have done had they been answered.

Most importantly, however, if Subaru actually believed that its deposition questions were proper and should have been answered notwithstanding the rules just outlined, its remedy was to file a motion to compel. *See* Fed. R. Civ. Proc. 37(a)(3)(b)(i). If Subaru had filed and won such a motion, its relief would have been an order compelling Mr. Dyne to answer deposition questions. Having failed to seek such an order, it cannot now obtain one that is many times harsher and more

---

financial materials, but also from other comparable action sports enterprises like Formula 1 and the Ultimate Fighting Championship. *See* Damages Report of Focus Advisory Services, LLC on Behalf of Plaintiffs (Dkt. No. 74-2) at 10.

extreme. Fed. R. Civ. Proc. 37(b)(2)(A)(ii) (authorizing evidentiary sanctions in connection with answers at deposition and to written discovery only for violation of prior court orders)

## III. CONCLUSION

For all of these reasons, Subaru's motion to strike the report of Alpha's damages expert must be denied.

BOWSE LAW GROUP

Date: November 22, 2019

   /s/ Michael A. Bowse
   Michael A. Bowse

Attorneys for Plaintiff ALPHA GRP., INC. d/b/a RED BULL GLOBAL RALLYCROSS