**BALLARD SPAHR LLP**
Scott S. Humphreys (SBN 298021)
  *humphreyss@ballardspahr.com*
2029 Century Park East, Suite 800
Los Angeles, CA 90067
Telephone: 424.204.4400
Facsimile: 424.204.4350

Neal Walters (Pro Hac Vice)
  *waltersn@ballardspahr.com*
210 Lake Drive East, Suite 200
Cherry Hill, NJ 08002
Telephone: 856.761.3438
Facsimile: 856.761.1020

Attorneys for Defendant,
SUBARU OF AMERICA, INC.

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHA GRP, INC. d/b/a RED BULL GLOBAL RALLYCROSS, a Delaware Corporation, | Case No. 2:18-CV-02133-MWF-MRW |
| Plaintiff, | **REPLY RE: SUBARU'S EX PARTE APPLICATION TO STRIKE PLAINTIFF'S EXPERT REPORT ON DAMAGES** |
| v. | |
| SUBARU OF AMERICA, INC., a New Jersey Corporation, | Action Filed: March 14, 2018 |
| | Pretrial Conf.: June 1, 2020 |
| Defendant. | Trial Date: July 14, 2020 |

Subaru of America, Inc. ("Subaru") hereby responds to Alpha GRP, Inc.'s ("Alpha") opposition to its ex parte application to strike Alpha's expert report.

## PRELIMINARY STATEMENT

In the extra week that Alpha had to respond to Subaru's ex parte, it could have prepared a new expert report that complies with Rule 26. Instead, Alpha has doubled down on its obstructionist approach, and continues to refuse to identify the "facts or data" relied upon by its expert. This is obvious litigation gamesmanship designed to prejudice Subaru's ability to examine the expert and rebut his wholly speculative $1.4 billion damages opinion. In fact, it is difficult to ascertain what types of experts are even needed to rebut the vague foundations of the report.

The prejudice to Subaru is compounded by Alpha having refused to respond or object to interrogatories regarding its claimed damages and instructing its 30(b)(6) designee to not answer questions about damages. Alpha's "gotcha" argument that Subaru could have moved to compel responses (Opp'n at 3:9–16) illustrates the hide-the-ball games Alpha is playing. It also misses a key point: *Alpha* must prove damages and the consequences of its failure to do so are self-executing. Subaru respectfully requests that the Court strike Alpha's expert damages report in its entirety.

### 1.   Rule 26 Requires More Than Vague And Nonspecific References To The Facts And Data Relied Upon.

In its opposition, Alpha (1) builds a straw man concerning Subaru's ex parte request—mischaracterizing the information absent from the expert report as a mere failure to disclose Bates numbers or identify employees—and (2) advocates for a strained reading of Rule 26. Both arguments fail.

*First,* the facts and data missing from the expert report are critically important, and are neither isolated nor related to a missing discrete Bates number or citation. For example, the report vaguely states that Mr. Fier relied on "internal Company documentation," "source documents" that Subaru supplied to Plaintiffs, and "other

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

REPLY RE: SUBARU'S EX PARTE APPLICATION TO STRIKE PLAINTIFF'S EXPERT REPORT

documents produced in the Action," including Alpha's "financial history." (Report at 2.) Yet, the report contains no description of the Subaru documents, or "other documents produced," on which Mr. Fier relied, nor an adequate or complete indication of the Alpha documents on which he relied.  In a case with hundreds of thousands of pages of discovery, that approach is completely improper.  That, combined with the total failure to identify anyone with whom Mr. Fier spoke or what they said (making it impossible to determine whether that testimony conflicts with, or improperly supplements, sworn deposition testimony already given) isn't just suspect; it violates Rule 26.

The legal arguments in Alpha's opposition also ignore the compelling contrary authority interpreting the minimum disclosure requirements of Rule 26, including California federal courts, which consistently hold that Rule 26(a)(2) requires that "an expert's report must be 'detailed and complete'… 'to avoid the disclosure of 'sketchy and vague' expert information.'" *Jackson v. United States*, No. 05-3006, 2007 U.S. Dist. LEXIS 9314, at *11 (N.D. Cal. Dec. 19, 2007) ("Although [the expert's] report states in general terms that he reached these conclusions based on the records in this case as well as the representations of plaintiff's counsel, he cites to no specific evidence or statement of fact to support his conclusions. Far from being detailed and complete, this conclusory and unsupported statement does not meet the requirements of FRCP 26(a)(2)(B).").[1]

***Second,*** Alpha's arguments about the language and history of Rule 26 are nonsensical and contradicted by the same Advisory Committee notes on which Alpha relies.  The 2010 amendment was intended ***only*** to narrow expert discovery with regarding expert-attorney communications and draft reports:

---

[1]     *See also Sempra Energy v. Marsh USA, Inc.*, No. 07-05431, 2008 U.S. Dist. LEXIS 128349, at *28 (C.D. Cal. October 15, 2008) (finding insufficient "naked conclusions, specifying only in general terms the materials that [the expert] consulted"); *Taser Int'l v. Bestex Co.*, No. 06-2636, 2007 U.S. Dist. LEXIS 80775, at *25 (C.D. Cal. Feb. 9, 2007) (excluding expert testimony when the report failed to provide the basis of the expert's opinion or underlying data considered).

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA  90067-2909
Telephone: 424.204.4400

Rule 26(a)(2)(B)(ii) is amended to provide that disclosure include all 'facts or data considered by the witness in forming' the opinions to be offered, rather than the 'data or other information disclosure prescribed in 1993. *This amendment is intended to alter the outcome in cases that have relied on the 1993 formulation in requiring disclosure of all attorney-expert communications and draft reports*.

FED. R. CIV. P. 26(a)(2)(B) advisory committee's note to 2010 amendment (emphasis added)). Those notes also directly contradict Alpha's position, stating:

[T]he intention is that "facts or data" be interpreted broadly to require disclosure of *any material considered by the expert, from whatever source*, that contains factual ingredients. The disclosure obligation extends to any facts or data "considered" by the expert in forming the opinions to be expressed, not only those relied upon by the expert.

*Id.* (emphasis added); *see also Republic of Ecuador v. Mackay*, 742 F.3d 860, 870 (9th Cir. 2014) (noting post-amendment "materials containing 'factual ingredients' are [still] discoverable, while opinion work product is not discoverable.").

The decisions cited in Alpha's opposition are unavailing. Alpha relies on *Heller v. D.C.,* 801 F.3d 264, 270 (D.C. Cir. 2015) for the proposition that expert reports only must contain enough information to prevent unfair surprise. (Opp'n at 2.) But *Heller* focused on the expert's *personal* law enforcement experiences and knowledge accumulated over decades. 952 F. Supp. 2d 133, 138 (D.D.C. 2013). Based on the experts' vast personal knowledge, that court found "the reports provide[d] Plaintiffs with precisely the kind of notice envisioned by Rule 26(a)—to prevent unfair surprise." *Id.* Here, Mr. Fier is offering a damages opinion based upon undisclosed *documentary evidence and testimony* with which he has no personal history, not just his purported experience in the "media" and "film" industry, (Report at 14) which has no bearing on Alpha's alleged damages.

Alpha also cites *Bioriginal Food & Sci. Corp.,* 2015 U.S. Dist. LEXIS 114792, *8 (C.D. Cal. Aug. 24, 2015) for the proposition that "Bates-number citations to documents are not required for expert reports." (Opp'n at 6:15-16.) But there, the court excused the specific identification of documents when the challenging party

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

1  actually "received [the] extensive documentation supporting defendants' expert
2  reports." *Id.* In stark contrast, Alpha has not served a ***single*** document with Mr.
3  Fier's report, and it is not possible from the report's vague descriptions to identify
4  any documents or conversations upon which Mr. Fier relied.

5  ### 2. Alpha Cannot Rely On a Future Deposition Of Its Expert To Alleviate Fundamental Deficiencies That Exist In The Report.

6
7  It is not Subaru's burden to detail the information required by Rule 26. Alpha
8  and its expert were obligated to identify all facts or data. FED. R. CIV. P.
9  26(a)(2)(B)(i)-(ii). Having failed to do so, Alpha cannot backfill the missing
10 information through additional expert discovery or depositions.[2] Rule 26 requires
11 that certain information be disclosed *in the report itself* so that the other side is not
12 "forced to depose an expert in order to avoid ambush at trial." *Salgado ex rel.*
13 *Salgado v. GMC*, 150 F.3d 735, 741 n.6 (7th Cir. 1998); 6 MOORE'S FEDERAL
14 PRACTICE § 26.23[2][b] (3d ed. 2019).

15 Alpha's argument also ignores the Court's current Schedule Order. At
16 present, Subaru must prepare a rebuttal report, after which the parties are to engage
17 in expert depositions. As it stands, Subaru's experts do not have the benefit of any
18 documents reviewed by Mr. Fier, or testimony from Mr. Fier's deposition before
19 preparing their reports. One can imagine the endless back and forth that would
20 occur once Subaru deposed Mr. Fier, only to require Subaru to supplement its
21 reports with information that Mr. Fier was required to provide in the first place.[3]

22
23
24 [2]     In the ex parte, to show the degree to which Alpha's report ignores the fundamental
financial evidence impacting Alpha's damages claim, Subaru provided examples of the things that
25 Mr. Fier should have, but apparently did not, consider in forming his opinions. (*See* p. 3-4, 10-12).
This underscores the prejudice to Subaru's experts and ensuing fiasco if Subaru were required to
26 depose Mr. Fier without knowing what he reviewed and relied upon.
[3]     Subaru reserves the right, should it finally receive such information from Mr. Fier, to
27 address whether he is relying upon information that was not, but should have been, produced in
response to Subaru's discovery requests. That could require reopening fact discovery, which
28 would have been avoided had Mr. Fier provided a proper report in the first place.

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

5

**3.   Alpha Cannot Cure the Report's Deficiencies by Supplementation.**

Alpha's self-serving suggestion that it is willing to supplement its expert report fails because a party may not save a fatally flawed expert report through supplementation.  (*See* Ex Parte at 7–15.)[4]

The Ninth Circuit has clarified that while Rule 26(e)(2) ***does*** require a party to correct any inadvertent inaccuracies in an expert's report by supplementation, Rule 26(e)(2) ***does not*** "create a loophole through which a party who submits partial expert witness disclosures, or who wishes to revise her disclosures in light of her opponent's challenges to the analysis and conclusions therein, can add to them to her advantage after the court's deadline for doing so has passed." *Luke v. Family Care & Urgent Med. Clinics*, 323 F. App'x 496, 500 (9th Cir. 2009); *Lidle v. Cirrus Design Corp.*, No. 08-1253, 2009 U.S. Dist. LEXIS 118850, at *17 (S.D.N.Y. Dec. 18, 2009) ("Rule 26(e) [does] not … permit a party to serve a deficient opening report and then remedy the deficiency through … a 'supplemental' report.").

## CONCLUSION

Subaru respectfully request that the Court grant its ex parte application, strike Alpha's expert report on damages in its entirety, and preclude Alpha from providing any testimony on damages at trial.

Dated:  November 25, 2019              Respectfully submitted by:

                                          **BALLARD SPAHR LLP**

                                          */s/ Neal Walters*
                                          Neal Walters
                                          Scott S. Humphreys

                                          *Attorneys for Defendant,*
                                          *Subaru of America, Inc.*

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

---

[4]   This is not a situation in which Alpha is being asked to fill-in discrete, missing items of information; the entire report is devoid of the fundamental facts and data necessary to support the stated opinions.