UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 18-2133-MWF (MRWx)     **Date:**  December 9, 2019
**Title:**  Alpha GRP, Inc. v. Subaru of America, Inc.

**Present:**  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                          Court Reporter:
Rita Sanchez                           Not Reported

Attorneys Present for Plaintiff:       Attorneys Present for Defendant:
None Present                           None Present

**Proceedings (In Chambers):**  ORDER RE: DEFENDANT'S EX PARTE APPLICATION TO STRIKE PLAINTIFF'S EXPERT REPORT ON DAMAGES [74]; DEFENDANT'S REQUEST FOR AN ORDER AMENDING SCHEDULING ORDER RE REBUTTAL EXPERT DISCLOSURES [77]

Before the Court are two matters:

The first is Defendant Subaru of America, Inc.'s ("Subaru") Ex Parte Application to Strike Plaintiff Alpha GRP, Inc. d/b/a Red Bull Global Rallycross's ("Alpha") Expert, Philip Fiers, Report on Damages (the "Report"), filed on November 13, 2019 (the "Application"). (Docket No. 74). On November 23, 2019, Alpha filed an Opposition. (Docket No. 78). On November 25, 2019, Subaru filed a Reply. (Docket No. 80).

The second is Subaru's Request for an Order Amending the Scheduling Order re Rebuttal Expert Disclosures, filed on November 15, 2019. (Docket No. 77) (the "Request").

For the reasons discussed below, the Application is **GRANTED *in part***. The Report does not sufficiently identify the "facts or data" the Report relies on. However, exclusion is not an appropriate remedy, so the Court will permit Alpha to serve an amended report which sufficiently complies with Rule 26. Because this will require a change to several deadlines, the Request is **DENIED *as moot***.

---

**CIVIL MINUTES—GENERAL**                                      1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 18-2133-MWF (MRWx)          **Date:** December 9, 2019
**Title:** Alpha GRP, Inc. v. Subaru of America, Inc.

To justify ex parte relief: (1) "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and (2) "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Through its Application, Subaru seeks to strike the Report. (Application at 2). In the alternative, Subaru seeks an order (i) requiring Alpha to submit a revised expert report which complies with the relevant rules; and (ii) amending the Scheduling Order to permit Subaru time to prepare a rebuttal report and conduct further discovery into the facts relied on by Alpha's damages expert. (*Id*.). Subaru also seeks attorneys' fees associated with the Application and further discovery, should it be necessary. (*Id*.).

***First***, Subaru argues that ex parte relief is justified because its rebuttal disclosures are currently due on December 10, 2019, meaning a regularly noticed motion would not give Subaru the relief it is seeking. (*Id*. at 3). The Court agrees.

***Second***, Subaru argues that the Report should be stricken pursuant to Rule 37 because it fails to comply with the mandatory disclosure requirements of Rule 26 "by failing to provide the facts and data supporting the opinions." (Application at 3). Specifically, Subaru argues that the Report only "states in the most general terms possible that [Fiers] relied on his own expertise, Alpha's 'internal records,' and other unspecified documents and conversions with unidentified Alpha 'executives' about unspecified topics." (*Id*. at 4). Subaru argues that Rule 26's requirement to specify the "facts or data" relied on is necessary to avoid having to learn key facts about an expert's opinion through depositions. (*Id*. at 5-6). Finally, Subaru argues that because exclusion pursuant to Rule 37 is "self-executing," the report must be excluded. (*Id*. at 7-8).

In response, Alpha argues that it has complied with Rule 26. (Opposition at 2). Specifically, Alpha argues that all that is required to satisfy Rule 26 is that the Report contains "the facts and data considered in forming the expert's opinions." (*Id*.). Alpha

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 18-2133-MWF (MRWx)          **Date:** December 9, 2019
**Title:**     Alpha GRP, Inc. v. Subaru of America, Inc.

argues it has done that, because the bates numbers of the documents relied on and the names of the individuals Fiers interviewed are not required to be disclosed under Rule 26. (*Id*.). And as to Subaru's argument that this issue is compounded by Alpha's alleged failure to provide this information in discovery, Alpha argues that (i) Subaru is incorrect; and (ii) even if Subaru were correct, its remedy would be to compel the discovery, not to exclude the Report. (*Id*. at 2-3).

The Court agrees with Subaru in part. Subaru is correct that Alpha is mischaracterizing its argument. Subaru is not seeking to strike the Report because it failed to identify *each* witness, or *each* document, relied on with specificity, but rather because the report failed to sufficiently identify *any* witness, or *any* document which Fiers relied on in drafting the Report. Alpha "cannot expect [Subaru] to wade through [hundreds of thousands of] pages trying to guess upon which of the documents [Fiers] may or may not have relied." *Companhia Energetica Potiguar v. Caterpillar Inc.*, No. 14-CV-24277, 2016 WL 7507848, at *6 (S.D. Fla. Aug. 1, 2016) (striking expert report for failure to sufficiently identify facts or data under Rule 26); *see also Jackson v. United States*, No. C 05-3006 MHP, 2007 WL 4532223, at *5 (N.D. Cal. Dec. 19, 2007) ("Although [expert]'s report states in general terms that he reached these conclusions based on the records in this case as well as the representations of plaintiff's counsel, he cites to no specific evidence or statement of fact to support his conclusions. Far from being detailed and complete, this conclusory and unsupported statement does not meet the requirements of FRCP 26(a)(2)(B).").

The Report as drafted therefore violates Rule 26. But the Court does not believe the appropriate remedy here is striking the report in its *entirety*, which would leave Alpha with no damages report. Instead, the appropriate remedy is to require Alpha to submit a revised expert report that sufficiently lists the facts and data on which the expert relies, as required.

Accordingly, the Application is **GRANTED**. Alpha shall serve an Amended Expert Report on Damages ("Amended Report") to Subaru by **December 20, 2019**. Subaru shall have until **February 24, 2020** to conduct any further fact discovery necessary concerning *only* the factual bases upon which the Amended Report relies,

---

**CIVIL MINUTES—GENERAL**            3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| **Case No.** | CV 18-2133-MWF (MRWx) | **Date:** | December 9, 2019 |
| **Title:** | Alpha GRP, Inc. v. Subaru of America, Inc. | | |

including but not limited to a further deposition of Alpha's Rule 30(b)(6) witness and any other witnesses whom are relied upon in the Amended Report. Subaru shall further have the right to depose the expert whom drafts the Amended Report, and Subaru shall have until **March 30, 2020** to prepare and serve rebuttal expert reports. The parties are further ordered to meet and confer and stipulate as to extensions of any other dates, including the motion cut-off date, and pre-trial and trial dates, as appropriate.

The Request is **DENIED** *as moot*. The Court is not inclined to award any attorneys' fees or costs to Subaru.

IT IS SO ORDERED.