Michael A. Bowse (SBN 189659)
  mbowse@bowselawgroup.com
BOWSE LAW GROUP
801 S. Figueroa St., 25th Floor
Los Angeles, CA 90017
Telephone/Fax: 213.344.4700

BALLARD SPAHR LLP
Scott S. Humphreys (SBN 298021)
  humphreyss@ballardspahr.com
2029 Century Park East, Suite 800
Los Angeles, CA 90067
Telephone: 424.204.4400
Facsimile: 424.204.4350

Neal Walters (Pro Hac Vice)
  waltersn@ballardspahr.com
210 Lake Drive East, Suite 200
Cherry Hill, NJ 08002
Telephone: 856.761.3438
Facsimile: 856.761.1020

Attorneys for Defendant,
SUBARU OF AMERICA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHA GRP, INC. d/b/a RED BULL GLOBAL RALLYCROSS, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SUBARU OF AMERICA, INC., a New Jersey Corporation,<br><br>Defendant. | Case No. 2:18-CV-02133-MWF-MRW<br><br>**JOINT STATUS REPORT PURSUANT TO MARCH 30 ORDER [DKT. 87]** |

Plaintiff Alpha GRP, Inc. ("Alpha") and Defendant Subaru of America, Inc. ("Subaru") respectfully submit this Joint Status Report pursuant to the Court's March 30, 2020 Order (Dkt. 87).

By way of background, on February 26, 2020, Alpha filed an unopposed ex parte application to amend the scheduling order in this action to permit additional time to conduct the necessary depositions of Alpha's 30(b)(6) witness Colin Dyne and its designated expert witness Philip Fier due to serious health issues (Dkt. 82). The Court granted that ex parte application and has since directed the parties to submit joint status reports to the Court. (*See* Dkt. 83-87.)

Alpha's counsel has now spoken with Colin Dyne to assess his ability to testify at deposition. Mr. Dyne is out of the hospital and generally no longer in immediate danger, though he has not fully recovered and has experienced periodic complications after being discharged from the hospital. The current expectation is that, with certain restrictions, Mr. Dyne will be physically well enough to testify in a deposition as Alpha's 30(b)(6) witness within the next few weeks.

However, the Covid-19 virus, related social distancing orders and special considerations related to Mr. Dyne currently make it impossible to conduct that deposition and create uncertainty when the deposition can be conducted. First, because of the virus and California social distancing orders, it is currently not possible for the parties or their counsel to gather together for a deposition. Second, due to his recent health issues, Mr. Dyne's immune system is currently compromised, making it extremely dangerous (and therefore impossible) for him to attend any deposition in person because of the high risk he could be exposed to the Covid-19 virus. For the same reason, it is also not possible for My Dyne to have a court reporter or videographer in his house to set up or operate equipment for a remote deposition using traditional methods.

The parties are currently exploring the feasibility of conducting a deposition remotely over the Internet using software provided by the court reporting service

and Mr. Dyne's own computer and camera. If that is feasible, counsel for the parties would appear either remotely themselves or, if social distancing directives are lifted and health concerns alleviated, at the offices of Subaru's counsel to conduct the deposition while Mr. Dyne would appear and testify from his own home. . Presently, the parties anticipate being able to conduct the deposition of Mr. Dyne on or before April 30, 2020.

With respect to Alpha's designated expert Philip Fier, the parties will wait until after the deposition of Colin Dyne has occurred to determine whether Mr. Fier's deposition can be conducted in-person at counsel's office or will also need to be conducted remotely, with the expectation that the deposition will occur on or before June 15, 2020.

With respect to the case schedule, the parties agree that the specific dates for a new schedule will have to be established after the depositions of Colin Dyne and Philip Fier have been completed, and once it is known when the current social distancing directives will be removed. However, the parties have agreed to propose the following deadlines:

| Event | Date |
| --- | --- |
| Deposition of Alpha's 30(b)(6) witness, Colin Dyne | On or before April 30, 2020 |
| Deposition of Alpha's expert witness, Philip Fier | On or before June 15, 2020 |
| Rebuttal expert report | 34 days after completion of both Mr. Dyne's and Mr. Fier's depositions |
| Expert discovery cut-off | 30 days after deadline for rebuttal expert report |
| Last day to hear motions | 60 days after expert discovery cut-off |

| | |
|---|---|
| Last day to conduct ADR proceedings | 27 days after last day to hear motions |
| Witness lists, exhibit lists, motions in limine, etc. | 42 days after last day to conduct ADR proceedings |
| Jury instructions, etc. | 7 days after deadline for filing witness lists, etc. |
| Final Pretrial conference | The first Monday at least 19 days after deadline for filing jury instructions |
| Trial | 14 days after final pretrial conference |

Respectfully submitted:

Dated: April 6, 2020  BOWSE LAW GROUP

 /s/ Michael A. Bowse
 Michael A. Bowse

*Attorneys for Plaintiff*
*Alpha GRP, Inc.*

Dated: April 6, 2020  BALLARD SPAHR LLP

 /s/ Scott S. Humphreys
 Neal Walters
 Scott S. Humphreys

*Attorneys for Defendant*
*Subaru of America, Inc.*